Chief Justice Robertson

delivered the Opinion of the Court.
On the application of Thomas R. Perkins and others, vvho owned three tracts of land in Madison county, as coparcenors with Mrs. New by, a notice was issued by the county court, of said county, against Newby and his wife, to shew cause why commissioners should not be appointed to make partition of the lands thus held in parcenary.
The notice having been returned executed by a deputy sheriff, and Newby and wife failing.to appear, commissioners were accordingly appointed'to make partition; who reported that they had done so, and had also made a deed of partition. The court having approved the report and’the -deed, ordered that Newby and wife should pay the costs. They now seek a reversal of all the orders made bv the county court.
A proviso to the .second section of the act of 1811, authorizing partition among heirs, declares that, “no application for partition shall be granted unless it appears by affidavit produced to the court, that the applicant has given reasonable written notice to every other person or persons interested in said partition, of the intended application.”2 Dig. 837.
There is no such proof of notification to Newby and wife, as that required by the only statute which autho--rizes partition among heirs by commissioners appointed by a county court. As the statute prescribes a special mode.of making partition, its requisitions must he fulfilled. A notice in writing is required, and the proof of that notice is expressly prescribed. The required proof cannot be dispensed with. A written notice must be delivered to the party to be notified; an ordinary ser *441 vice by an officer would be insufficient. Tbe county court must have an affidavit of the delivery of such a notice — an official return — '■'■Executed,” is not an affidavit, or such an one as the statute requires.
Where an act requires a notice to be given and proved in a prescribed mode a previous general law, providing that any notice may bo served by a sheriff, does not ap-piy-'
A partition among parceners made under an order of a county court, without legal notice to all interested, is unauthorized.
Barceners procuring partition of their land by order of a county court, pay their respective proportions .of the fees — and no judgment for costs can he given for, or against, any of them, if there is »o contest.
It is true, that the sheriffs were authorized by a statute of 1808, to serve any “notice which is required by law-” — But as the legislature, by the subsequent statute of 1811, prescribed a peculiar and exclusive mode of giving and of proving notice in the class of cases for which it provides, the act of 1808 does not apply to any such cases. This court cannot, by any allowable process of legal construction, make the act of 1811 embrace any other proof of 'service than that which it expressly requires. Nor can we decide that an ordinary official return is an affidavit produced to court.
Wherefore, the appointment of the commissioners, and the partition and deed made by them, were unauthorized.
The county court also erred in adjudging costs against the plaintiffs in error. The act of 1811 (supra) requires each parcener to contribute a proportionate amount of the compensation allowed to the commissioners; and does not contemplate any judgment for costs against any one, or in favor of any one, of the coparceners, when there is no controversy among them in the county eourt; and it does not appear that Newby and wife were opposed to a partition.
Wherefore, the order appointing the commissioners, is set aside, and the judgment for costs reversed. •