## Drane *vs* Gregory's Heirs.　　EJECTMENT.

APPEAL FROM THE SHELBY CIRCUIT.

*Ejectment. Joint tenants. Partition. Limitation. Ad-*　Case 155.
*verse possession. Evidence.*

JUDGE MARSHALL delivered the opinion of the Court.　　*April* 26.

THIS action of ejectment was brought on the demise of The case stated.
Caroline Gregory's heirs, to recover land which had been
conveyed in fee by her deceased husband, by deed made
during the coverture, which professed to pass her title,
but from a defect in their execution and authentication,
were invalid as to her. The land was a part of 1300
acres patented to her father, George Muse, who, in 1790,
devised "the residue of his estate," of which it was a
part, to his daughters, Kitty and Caroline. In 1797,
William Gregory, the husband of Caroline, caused the
tract to be divided by three of the Commissioners who
had been appointed by the Shelby County Court, under
the act of 1792, and shortly afterwards took possession
of the equal half which had been allotted to his wife, and
by subsequent deeds, made at different periods, under
some of which the defendants claimed, seems to have
conveyed away the whole of that half. These deeds all
show, upon their face, that they were made in right of
the wife.

From this statement it is apparent that so far as the de-　One who re-
fendants, or those under whom they claim, entered upon　ceives a convey-
and held the land in contest under the deeds of Gregory,　ance from hus-
they could not, according to the doctrines settled by this　band and wife of
Court in the cases of Shackleford and Miller, and Shack-　lands, the proper-
leford and Smith, reported in 3, 4, 5, and 9 *Dana,* in　enters and holds
defence of this action, brought by the heirs of Mrs. Greg-　under that title,
ory, after the death of her husband, rely upon their pos-　ance is ineffec-
session during his life as adverse, or set up an outstand-　tual to pass the
ing adverse title, or one acquired after their entry. It is,　estate of the
therefore, deemed sufficient to say, on this branch of the　wife,) cannot af-
ter the death of
the wife deny the
title of the heir
of the wife in a
suit brought by

such heir to re-
cover posses-
sion.—
——And it is not
error for the
Court in such
case to refuse, on
defendant's mo-
tion, to exclude
such deeds of
conveyance from
the jury. They
were properly be-
fore the jury to
show the char-
acter of the de-
fendant's entry
and holding.

A deed from the
husband & wife,
conveying all the
lands in the Com-
monwealth of
Kentucky and
Virginia to which
the grantors were
entitled, under
a certain will
"which they had
not heretofore
sold and convey-
ed," does not
embrace, by such
terms, lands
which they had
sold and convey-
ed but by deed,
which was inef-
fectual to pass
the wife's right
of inheritance.

subject, that the Court did not err to the prejudice of the defendants, in giving or withholding instructions.

Nor was there any error in refusing, on motion of the defendants, to exclude the deeds or any of them, so far as they purported to pass the title of Caroline Gregory. The only legitimate object of this instruction was answered by the instruction given on motion of the plaintiffs, that the deeds did not pass Caroline Gregory's title; and they were properly before the jury, because they showed that the land was held and conveyed by Gregory in her right, and they tended to show under what right it was held by the defendants; and even those deeds which did not cover the land in controversy were properly retained, because they tended to show that Gregory had claimed and conveyed the whole of that part of the patent which had been assigned to his wife in the division.

It is contended, however, that the Court erred in refusing to instruct the jury that if Gregory and wife had parted with their title, they should find for the defendants. This instruction was intended to apply to a deed duly executed by Gregory and wife, and properly authenticated, but made after the several deeds above referred to, purporting to be from the same grantors, by which subsequent deed, after reciting that they had become entitled, in right of said Caroline, to many tracts of land in Kentucky and Virginia, of which they had not acquired possession, &c. they conveyed to Isaac Watkins all the right, title and interest "which they, the said William and Caroline now have or hold, in and to all the lands in the Commonwealths of Virginia and Kentucky, and to which they are entitled under the wills (named in the deed) and which they have not heretofore sold and conveyed." But as the Court, in pursuance of the construction which this Court had previously given to the same deed, in reversing and remanding this case, instructed the jury, that if the land in contest was embraced by the previous deeds from Gregory and wife, it was not conveyed by the deed to Watkins; and as it was proved, without contradiction, that the land was embraced by the previous deeds, and there was no evidence to authorize a finding that it was not so embraced, the instruction as asked by the defen-

dants, was not only useless, but misleading, and it was therefore properly refused.

It is further contended, that the verdict is contrary to the evidence, in finding that the defendants, and those under whom they claim, first entered upon and possessed the land in contest, under the deeds of Gregory, in right of his wife, and that the Court, on this ground, should have granted and erred in refusing a new trial to the defendants : but upon scrutinizing the evidence, we are satisfied that the jury were fully authorized to find the fact referred to as they have found it. For, although it may be that both Crabb, the alienor of Gregory, and the defendant, Stephen Drane, the alienee of Crabb, entered within the patent of Muse, before Gregory conveyed to Crabb, it does not appear that such entry was made by either upon the land in contest, or that either of them had any possession of that land until Crabb first acquired it from Gregory, and Drane obtained it afterwards from Crabb, but the contrary is to be inferred. And with regard to the defendant, Stephen T. Drane, the evidence clearly and without contradiction conduces to prove that Mitchell, under whom he claims by deed, and to whom Gregory had many years before conveyed by one of the deeds first above mentioned, entered and held under Gregory's deed.

There was no error, therefore, in refusing to grant the new trial on the ground just noticed. And assuming the fact to be as the jury have found it, that the possession held by the defendants was originally taken and transmitted to them under the deeds from Gregory, and under and not adversely to the title of Mrs. Gregory, it follows upon the principles settled in the cases above referred to, that the lessors of the plaintiff, as heirs of Mrs. Gregory, having commenced this action before any limitation, beginning to run from the death of Gregory, (which was within three years before the commencement of the suit,) could have barred them, have a right to recover the whole of the land thus held by the defendants, unless they are wholly or partially precluded by reason of the facts and considerations now to be noticed.

*Margin notes:*

Drane
*vs*
Gregory's H'rs.

The finding of the jury was authorized by the evidence.

The suit was commenced before the limitation operated.

Where there is a severance in fact of a joint tenancy and possession held for 20 years, according to such division, the title will be a title in severalty to the extent of such separate possession.

It appears that by the will of George Muse, this land was devised to his two daughters jointly, so that they held it as joint tenants ; and the bill of exception states, that it was proved that the joint tenant, Kitty, had been a *feme sole* for fifty years before the commencement of the suit. Upon these premises, and upon the further assumption that the division of 1797 was inoperative to destroy the joint tenancy, it is argued, that as the joint tenant, Kitty, was barred by the adverse possession of the defendants, and as because joint tenants must sue jointly, if one be barred both are barred, therefore the lessors, claiming in right of one of those joint tenants, are barred ; or, that if they be not barred, and can sue separately, they are entitled only to one half of the land, and can recover no more.

Waiving any examination of the doctrine of joint tenancy, contained in this argument, it would be strange indeed if a possession held under Mrs. Gregory's title so long as to bar the right of her co-devisee, should operate to destroy also the title of Mrs. Gregory, under which it was held. So far from this being the case, it cannot be doubted that a bar thus created, (which could not be, unless the possession were held as an exclusive possession, under claim of sole and several title,) would enure solely to the benefit of Mrs. Gregory's title, and would invest her in severalty with the exclusive right of that part of the land which had been thus exclusively possessed. Conceding then, without deciding that the division of 1797 was, as the act of the County Court or its Commissioners, wholly inoperative to sever the joint title, it must still be regarded as a division in fact, made by Gregory, in right of his wife, and assuming in favor of the verdict what the evidence conduces to prove, that he immediately entered in the same right, taking possession of the part assigned to her in exclusion of the co-devisee, and that this exclusive possession was transmitted to, and held by his alienees for considerably more than twenty years—we are clearly of opinion that the co-devisee was bound thereby long before the commencement of this suit, and that the further effect of the possession thus held, and of the consequent bar, was to sever the joint title,

and to clothe Mrs. Gregory, in whose right it was held, with the title in severalty, to the extent of the possession, and freed from all embarrassment on account of any supposed title in the co-devisee.

It seems, however, from evidence introduced by the defendants, that in 1804 the co-devisee had conveyed her interest in this 1300 acres, to Taylor Berry, who, in 1822, conveyed to R. P. Mitchell, who was in possession of a part of the land in contest, under the will of Daniel Mitchell, who had held it for many years under the deed or deeds from Gregory, in right of his wife. Upon these facts we remark, that by the deed of 1804 the joint tenancy, if it then existed, was converted into a tenancy in common, and that the deed of Berry to Mitchell not having been made until after the title, thereby attempted to be conveyed, had been barred, was of no possible avail in this suit, even to limit the extent of the recovery. For whatever might have been the case, had this title been united with the possession held under Gregory's deed before it was barred, as to which it is unnecessary to decide, we think as the case stands, it can furnish no protection whatever to the defendants, who, as decided in the cases already referred to, were bound to restore to the heirs of Mrs. Gregory that possession which they acquired under her title, even though they had acquired while they so held it, some paramount title to the land. Of course they could not avail themselves of any outstanding title.

One who enters as tenant under a particular title, though he may acquire a better title, cannot avail himself of such better title against the title under which he has entered.

This conclusion being wholly independent of the validity of the division of 1797, as effecting in itself a severance of the title and possession of the joint devisees, and the Circuit Court having, on motion of the defendants, instructed the jury that it was inoperative to effect such a severance; we need only add on that subject, that the Court having, whether correctly or not we are not called upon to say, given this instruction to the jury, there was no error in refusing to exclude entirely the paper containing the report of the division, because that paper, in connection with other evidence before the jury, tended to show that a division line was in fact run, by the agency of Gregory, and that in right of his wife, he claimed, and held,

A division of land between joint tenants, made thro' the agency of the Commissioners of the County Court, tho' it may have been irregular, may nevertheless be competent to show that a partition was in fact made, and the boundary thereof.

and conveyed a designated portion of the tract to the ex-
clusion of the co-devisee.

Wherefore, there being no error to the prejudice of the
defendants, in any opinion of the Court during the trial,
or in overruling the motion for a new trial, the judgment
is affirmed.

*T. P. Wilson and Graves* for appellants: *McHenry
and B. & A. Monroe* for appellees.

*May* 11.                    PETITION FOR RE-HEARING,

By Mr. T. P. Wilson.

THE appellants in this case respectfully ask the Court
to reconsider the opinion herein rendered, and to grant
them a re-hearing.

In the opinion asked to be reconsidered it is said, that
"this action of ejectment was brought on the demise of
Caroline Gregory's heirs, to recover land which had been
conveyed in fee, by her deceased husband, by deeds
made during the coverture, which professed to pass her
title, but from a defect in their execution and authentica-
tion, were invalid as to her." And again, that "these
deeds all show, upon their face, that the were made in
right of the wife." Is not they Court mistaken in these
statements? The only deed made before Drane settled
upon the land, and before his purchase from Allen, &c.
bears date 20th December, 1796, and is made by and be-
tween William Gregory *alone,* of the one part, and Jere-
miah Crabb of the other; to which is added Caroline
Gregory's relinquishment of dower; and there is nothing
on the face of the deed showing or tending to show, that
it was the intention of William Gregory to convey in right
of his wife, or that it was understood by any of the par-
ties to the deed, that he, Gregory, held in right of his
wife, or that she had any title whatever to the land. The
relinquishment of her dower would indicate the contrary;
see record page 8, for copy of deed. There is no defect
in the execution of this deed. The grantee, Crabb, did
not, could not, from any thing contained in it, discover
that Caroline had any title other than a potential dower
right to the land. Crabb held and claimed the land as

his own, adversely to the world ; and although a partition was afterwards attempted, it is admitted to have been wholly insufficient to pass title to the respective parties, consequently Crabb was in adversely to Caty Shropshire, *alias* Caty Daws, who was a *feme sole* at the time, and has so continued. She and Caroline being joint tenants, if the statute of limitations constituted a bar to one it was a bar to both. This doctrine is not contradicted. But the Court says, in their opinion, that as the entry was in right of Caroline, the bar cannot operate against her or her heirs. The deed referred to does not show that the entry was in her right. Is not the conclusion, therefore, drawn from the assumption that it was illegitimate?

The Court has, in another part of their opinion, said that there was evidence in the cause to justify the jury in finding "that the defendants and those under whom they claim first entered upon and possessed the land in controversy under the deeds of Gregory, in right of his wife." What testimony is it from which such inference could be drawn? The deed from Allen to Drane is dated 4th day of March, 1811 ; from Eddy and wife to Drane, 23d day of March, 1812; from Barbee to Drane, 1st day of July, 1811. This latter deed covers, certainly, twenty-eight acres of the land in controversy.

The deed from Crabb to Drane is dated January, 1820. The only presumption, therefore, arising from these deeds is, that Drane entered claiming adversely to Crabb and to Muse. There is then not one particle of testimony tending to show that Drane entered and took possession of the land in controversy, or any part of it, under the deed from Crabb. The presumption, from the date of the deed, is to the contrary. The price given by Drane to Crabb for the land, as specified in the deed, shows that it was a purchase, by Drane, of a claim conflicting with the one under which he held the possession. A dollar and a half per acre for land in 1820, that would have then brought from twenty to thirty dollars, cannot be supposed to have been given in any other way than as a compromise of a claim, supposed by the parties to be worthless, but to avoid the trouble and expense of a law suit, the party in possession agreed to pay the price specified in

the deed.   Corroborative of this, it is proved that Drane, from the time he first settled, has continued to reside within his present boundary, and that he always claimed the land as his own.

It is stated by the Court, that there was no error in refusing to exclude entirely the paper containing the report of the division, because that paper, in connection with other evidence before the jury, tends to show that a division line was, in fact, run by the agency of Gregory, &c.

And is it the law of this land, that because a paper tends, with other evidence, to show a particular fact in a cause, that therefore it is competent evidence, without any proof that it is genuine, that it is what it purports to be?   There was no proof of the genuineness or authenticity of the copy of division but that found in the certificate of the Clerk.   His certificate, it is believed, to the paper in question, was of no higher dignity than would have been the certificate of any private individual.   The paper certified was not a copy of one which the law authorized to be recorded.   The order of the County Court appointing the Commissioners, was void, because the requisitions of the statute, from which the Court derives its authority to make the appointment, were not complied with by the Court.   The law requires the appointment of six; the Court appointed but five; the requisite number to authorize a part to act was wanting.   The act of a part, therefore, was nugatory, and the certificate of the Clerk that such acts had been done and performed by them, to a paper specifying those acts, was without effect.   The certificate of a Clerk, to a copy from the record in his office, is only authentic when the original is, by law, authorized to be recorded.

The County Court order, appointing the Commissioners, stands so awkwardly on the record in this cause that it is feared the Court may have overlooked it.   It is on the 43d and 44th pages, after the order granting the appeal.   It is insisted that the County Court had jurisdiction to appoint six Commissioners, but not to appoint five: (See *Stat. Law*, 1066.)   In the case of *Nesbit vs Gregory*, (7 *J. J. Marshall*,) the Court say, where the power of the County Court is derived from a statue, "its

acts will be void if they be not conformable to the requisitions of the statute : see also 2 *A. K. Marshall*, 559, &c. &c. and the case of *Newby and wife* vs *Perkins*, (1 *Dana*, 440.)

A re-hearing is respectfully asked.

T. P. WILSON, *Attorney for appellants.*

RESPONSE,

By Judge Marshall.

*May 11.*

1. Upon the first point suggested in the petition, it is sufficient to say, that the deed of 1796, from Gregory to Crabb, being the first deed between those parties, is expressly stated in the bill of exceptions, not to include any part of the land in contest, or rather, is expressly excluded from being among the deeds which do cover said land. That deed, therefore, does not come into the present contest, and is not referred to in the statement of the case by the Court, as quoted in the commencement of the petition.

2. Upon the second point, with regard to the possession being taken under the deeds from Gregory—the Court has not undertaken to discuss the weight of the evidence, or to state its own deductions from it, but has merely stated, that there was enough to authorize the verdict. For this purpose, the fact that Crabb had an early possession ; that he conveyed to Drane, and that Drane is in possession is, *prima facie*, sufficient, and must uphold the verdict, unless there be clear and uncontradicted evidence of a possession by Drane, prior to the deed from Crabb. There is no such evidence. The bill of exceptions expressly states, that the 40 acres conveyed by Allen, and within which it may be presumed Drane first settled and continues to reside, were upon the opposite side of the division line from that claimed by Gregory, and that the evidence did not show on which side the land embraced in the second conveyance by Allen was situated. It is not shown that the deed of Barbee passed any title ; and although the consideration of the deed from Crabb to Drane furnishes ground for the argument used in the petition, yet there is no proof of the actual value

of the land as stated by the counsel, and the argument was doubtless weighed by the jury.

3. With regard to the copy of the record of division from the County Court. The objection taken, that altho' the County Court may have had authority to appoint six Commissioners, of whom, by the statute, any two might act, their appointment of five is void, and did not authorize two or more to act, is, in our opinion, wholly untenable. The only plausible ground for questioning the entire validity of the division is, that it does not clearly appear that Mrs. Gregory's sister and co-devisee, having a joint interest in the land, was a non-resident at the time : but it does appear, by a deed from her, introduced by the defendants, that a few years after the division she was a resident of Virginia ; and from this fact, connected with the great lapse of time during which the land assigned to Mrs. Gregory by the division was claimed and held by Gregory and his alienees, the Court was, and still is of opinion, that the non-residence of the co-devisee, at the time the Commissioners acted, might be presumed, so as to bring the case witin the act of 1792, and support the division as valid under that act. But it was not deemed material to decide this point against the opinion of the Circuit Judge, because, even conceding that he had not erred as to the invalidity of the division, the copy certified by the Clerk was, and still is held to be admissible, to show, in connection with other proof, that a division had in fact been made, and to show what that division was. The division having been made under the authority of the County Court, and having been returned into that Court, and admitted to record by its order, became regularly a part of its records, whether the Commissioners had authority to act in the particular case or not ; and a copy from the record, certified by the Clerk, is just as good evidence, and is therefore just as admissible, to prove the fact that such division actually was made, or to show what it was, as the original would have been ; and on these grounds the opinion of the Court, in letting it remain before the jury, although he instructed them that it was not effectual to sever the title, was and still is sustained.

Wherefore, the petition is overruled.