Chief Justice Robertson
delivered the Opinion of the Court.'
Robert- Palmer moved the county court of Bracken to appoint commissioners to make partition between the widow and heir's of his deceased father, of a tract of land, which, as the notice stated, they held as coparccners. Tlie court dismissed the motion; and the fact, qie w claimed t'he whole tract, under a nunev* *391 jtalive will, is assigned by (he county court, as the only reason for the dismission.
To authorize a proceeding in a county ■ court, for the partition of estate descended among theheiis,it must appear, that the land,being with in the county,is within, thejurisdiction of the court.
The reason assigned, is altogether insufficient; be: cause a nuncupative will cannot pass an estate in land.
But still we are of the opinion that it was right, on another and different ground, to dismiss the motion. There was no appearance by the co-heirs ; nor was there any affidavit of any service of notice on them, or either of them; and in the case of Newby and Wife vs. Perkins el al, 1 Dana, 440, it was decided that, in such a case, an affidavit of service is indispensable. Nor does the notice, as written, state that the land, proposed to be divided, lies in Bracken county.
Wherefore, as it does not appear that the county court of Bracken had jurisdiction of the motion, when the judgment was rendered upon it. the dismission was proper.
Judgment therefore affirmed.