No. 6003.

B. R. Moffett *v.* Joseph Moffett et al.

1. Nuncupative Will.—Under the statutes as they existed before the present Revised Statutes, real estate could not be devised by nuncupative will. The law merely provided as to the time, place and manner in which such a will could be made without saying what property could be disposed of thereby.

2. Same.—Article 4862, Revised Statutes, provides that "any person who is competent to make a will may dispose of *his property* by nuncupative will made under conditions and limitations hereafter prescribed," none of which make any discrimination between real and personal estate, *held:*

(1) The statutes, as they aforetime were, and now are, taken together and construed literally and without reference to the intentions of the law makers, gave a special power to devise land by written will, and a general power to devise all property by will, either written or nuncupative.

(2) When a new statute substantially the same in its provisions as a former one is enacted it must be considered as having been adopted with the judicial construction which had been given to the former statute.

(3) With reference to the statute of wills, this rule, if construed, is not needed. for the report of the commissioners who revised the statutes, and which was made by the legislature in effect a part of the new law, expressly declared that they had only rearranged the old statutes of wills, and had not felt authorized to change a law that had so long been in force and whose provisions had so often been the subject of judicial interpretation.

(4) The provisions of the Revised Statutes, so far as they are substantially the same as the laws in force at the time when the Revised Statutes went into effect or of the common laws in force at that time, must be construed as a continuation thereof, and not as new enactments of the same.

(5) A devise of land even by written will was not permitted by the common law. The English statutes changed this by allowing devises by written will, but did not allow the devise of real estate by words spoken in last sickness.

(6) The laws of Texas in force when the Revised Statutes were adopted went no further on this subject than did the English law.

(7) The case of Lewis v. Aylott, 45 Texas, 190, which is approved, decided that under the Statutes of Texas, as they existed previous to the Revised Statutes, real estate could not be devised by nuncupative will, and such is still the construction given to the Revised Statutes.

APPEAL from Dallas. Tried below before the Hon. Geo. N. Aldridge.

*S. C. McCormick*, for appellant, on his proposition to the effect that the evidence having been agreed by the parties, and found by the court to be sufficient to authorize the probate of the will, provided real estate may be devised by nuncupative will, the district court erred in not admitting the will to probate, in as much as the Revised Statutes of Texas do provide for the devise of real estate by nuncupative will, he cited Revised Statutes, Articles 4857 to 4864; Article 3138, section 6, and Article 3140, sections 1, 12; Hartley's Digest, Articles 3252 to 3258; 1 Paschal's Digest, Article 5366; Revised Statutes, Articles 548 to 551, and 2464; Pool v. Wedemeyer, 56 Texas, 296; Burgess v. Hargrove, 64 Texas, 115; Lufkin v. City of Galveston, 63 Texas, 437; Duncan v. Taylor, 63 Texas, 649; Cahn Brothers v. Bonnett, 62 Texas, 676; Brown & Company v. Chancellor, 61 Texas, 441; Laughter v. Seela, 59 Texas, 182, 183; Perez v. Perez, 59 Texas, 324; Cooley's Constitutional Limitations, 71.

*Watts & Word*, for appellees, on their proposition that real estate could not be devised by nuncupative will in this State, and that consequently the district court did not err in refusing to admit the proposed will to probate, cited Revised Statutes, Articles 4857, 4866, 548–551, and also General Provisions, section 19, and Article 3138, subdivision 6; Article 3140; Lewis v. Aylott, 45 Texas, 190; Watts v. Holland, 56 Texas, 54; Kennedy v. Upshaw, 64 Texas, 418; Jarman on Wills, volume 3, pages 755–772, and notes (fifth American edition.)

WILLIE, CHIEF JUSTICE. In September, 1885, W. R. Moffett, during his last illness, made a nuncupative will in due form of law, giving to his wife and two sons a lot in the town of Waxahachie. He attempted in this will to dispose of no other property. When the will was offered for probate it was contested by the appellees on the ground that real estate could not be devised by a nuncupative will. The county judge sustained this view, and refused to admit the will to probate. Upon appeal to the district court this judgment was affirmed, and from that court the case comes here upon appeal.

Both parties agree that, if real estate is not under our law devisable by nuncupative will, this will should not be admitted

to probate; if it is thus devisable, then there is no reason why the present will should not be probated.

The only question, therefore, is: Can real estate be devised by nuncupative will under our Revised Statutes in force when the present will was made? In the case of Lewis v. Aylott, 45 Texas, 190, it was settled by this court that, under our law as it existed previous to the Revised Statutes, real estate could not be devised by nuncupative will. The former law merely provided as to the time, place and manner in which such a will could be made, without saying what property could be disposed of thereby. The Revised Statutes enact that any person who is competent to make a written will may dispose of his property by a nuncupative will, under certain conditions and limitations. (Art. 4862.) The whole question, therefore, turns upon whether by using the words "his property," in the above Article, the legislature intended so to change the former law as to allow property, both real and personal, to be disposed of by nuncupative will.

The decision in Lewis v. Aylott is put upon the ground that the general policy of our law, as shown by our statutes concerning conveyances, is to require every conveyance of land, includ. ing devises, to be in writing. The statute as to conveyances then in force has not been changed by the Revised Statutes, title 19. The State's general policy as to real estate conveyances is therefore the same under them as it was under the former law. If anything contained in Article 4862, title 99, which title regulates the subject of wills—is to graft an exception upon title 19, concerning conveyances, and change the policy as to conveyances of land by devise, the intention of the legislature in this respect must clearly appear.

Article 3140, Revised Statutes, in defining the meaning of certain terms used in these statutes, says in substance that the word "property" includes real and personal property, unless a different meaning is apparent from the context. This is of course equivalent to saying that it shall not always include both real and personal estate; if the context demands it may be confined in its meaning to personalty alone. Immediately preceding these Articles which regulate nuncupative wills, are those which apply to written wills, and provide what property may be disposed of in such instruments. The enumeration is thus made: "All the estate, right, title and interest in possession, reversion or remainder   *   *   *   *   of, in or to any lands, tenements,

hereditaments or rents charged upon, or issuing out of them, * * or of, in or to, any personal property or any other property whatever. (Article 4858.)

The legislature in this Article has mentioned the same kind of property which, under the former law, could pass by a written will, and it was doubtless thus specific so that there should be no misunderstanding as to the power of a testator by a written will to pass all the property which he might own at his death. The articles enumerated, include every species of property that can be possessed. The legislature then proceeds to regulate the making of verbal wills, and changes the language from the specific terms already employed to the general expression "property." This change of language must have been made for some purpose.

If the word *property* was intended to include everything both real and personal, why did not the legislature use it in reference to written wills? They knew the dangers of fraud and perjury that attends the making of any last will and testament. Why should they be so particular in granting the power of disposing property by written will, and at the same time so general in providing for nuncupative wills? The former were less liable to be influenced by fraud than the latter. They could be made in health as well as in sickness; the latter were necessarily to be made when the testator was in his last illness, and liable to be imposed upon as well as to be misunderstood. If certainty as to the property to be disposed of by either class of wills was required, it was specially demanded as to those of a nuncupative character.

By the common law, land could not be devised, even by written will. Ancient statutes of England had changed the common law so as to allow such devises by written will, but not by words spoken in last sickness. Our statutes in force when the Revised Code was adopted had, in regard to lands, gone no further than the law of England on this subject.

The legislature, in adopting the Revised Statutes, knew that in reference to written wills they were but re-enacting the law as it already existed; yet they were so specific as to leave no doubt that the right to devise lands by written will should be preserved. Yet the claim of the appellant is that, when they came to make a radical change, not only in the common law as it had existed for centuries, but in time honored statutes of our own State, and its cherished policy as to the disposition of lands

by writing, they effected this change by the use of a word which might or might not have this effect, accordingly as it was or was not controlled in its meaning by other enactments upon the same subject. We can not believe that this was the meaning of the legislature, unless it were shown in a more satisfactory manner.

But that this is not the effect of the use of the word "property" in reference to verbal wills is apparent from other reasons. Section 19 of the final title of the Revised Statutes says "that the provisions of the Revised Statutes, so far as they are substantially the same as the statutes of this State in force at the time when the Revised Statutes shall go into effect, or of the common law in force in this State at said time, should be construed as continuations thereof, and not as new enactments of the same."

At the time these statutes went into effect there was an act in force authorizing and permitting all persons to dispose of their own estate, real and personal, by will. (Pas. Dig., art. 3868.) No distinction is made in this statute between written and unwritten wills; and the property, both real and personal, under the broad language of the statute might be devised in either way. The same law, specifying what might be disposed of by written will, was in force then that exists under our Revised Statutes.

These two statutes taken together and construed literally, without reference to the intention of the law makers, gave a special power to devise lands by written will, and a general power to devise all property, real and personal, by will, either written or nuncupation. According to the argument of the appellant, the law as it now stands gives special power to devise real estate by written will and a general power to devise all property by nuncupative. The provisions of the former law are the same in substance, and the one must be construed as a continuation of the other. It is a cardinal rule of construction that when a new statute substantially the same as a former one is enacted it must be treated as adopted with the construction given to the former by the judicial authorities. The construction given in Lewis v. Aylott to the former acts upon the subject of nuncupative wills must still prevail, and it must be held that they are ineffectual to dispose of real estate.

But if there were still any doubt upon the subject, it is resolved by the report of the commissioners who revised our statutes

when the result of their labors was laid before the legislature. In respect to the title "wills" they say: "This old statute has been rearranged, and its different sections have been subdivided into a number of articles, so as to make it more easy of reference. Beyond this we have not felt authorized to change a law that has so long been in force, and whose provisions have so often been the subject of judicial interpretation." This title was adopted as reported without any changes made by the legislature. They adopted it with the report of the commissioners before them and with the distinct understanding that the new law had not changed the law as to wills of any character in any respect; that the provisions as to nuncupative wills found in that title was the same in substance as the law in force.

That the commissioners did not intend to interfere with that judicial interpretation which refused to sanction the disposition of land by such unwritten wills, is manifest. The legislature in effect made the report of the commissioners, together with former judicial construction, a part of the new law, and as effectually prohibited a devise of real estate by nuncupative will as if they had so enacted in express terms. This leads us to the conclusion that the nuncupative will offered for probate did not convey the lot in question, and was of no validity whatever.

The judgment of the court below refusing to admit it to probate is therefore affirmed.

*Affirmed,*

Opinion delivered April 15, 1887.