OGDEN CITY, APPELLANT *v.* GILBERT F. BOREMAN, RESPONDENT.

LICENSE POWER OF CITIES—UNDER SUBD. 87 SEC. 206 R. S. 1898—DOES NOT EXTEND TO LAWYERS. ,CONSTRUCTION OF STATUTES—GENERAL RULE—WHERE PART OF AN ACT HAS BEEN REPEALED.

*License Power of Cities—Under Subd. 87 Sec. 206 R. S. 1898—Does Not Extend to Lawyers.*
> Under Subd. 87 Sec. 206, R. S. 1898, a city has no power to exact a license fee from a lawyer.[1]

*Construction of Statutes—General Rule—Where Part of an Act has Been Repealed.*
> A general rule for the construction of statutes is that where a part of an act has been repealed, it must, although of no operative force, still be taken in construing the rest.

(Decided June 21, 1899.)

Appeal from the Second District Court, Weber County, Hon. H. H. Rolapp, *Judge.*

Defendant, an attorney at law, duly licensed by the Supreme Court of the late Territory of Utah, was charged with practicing law in the city of Ogden without a license

---

[1] *Ogden City* v. *Crossman*, 17 Utah 66, distinguished.

as required by the ordinance of said city. Action was commenced before a justice of the peace, where defendant was found guilty. Appeal was taken to the District Court where defendant was found not guilty, and plaintiff thereupon appealed to this court. *Affirmed.*

*E. M. Allison, Jr., Esq.* and *W. H. Smith, Esq.*, for appellant.

*H. H. Henderson, Esq.* and *G. F. Boreman, per se,* for respondent.

MINER, J.

In this case the defendant, an attorney at law, duly licensed by the Supreme Court of the late Territory of Utah, was charged with practicing law in Ogden City, without obtaining a license as required by an ordinance of Ogden City. He was tried before a justice of the peace of Ogden City, found guilty and fined $10.00. Defendant appealed from the judgment of conviction to the district court, and was there found not guilty, and discharged from custody, on the ground that the ordinance under which the defendant was convicted was void, so far as it required the defendant to take out and pay for a license from Ogden City for practicing law therein.

The question to be determined is, has Ogden City, under the law and statutes of this state, the power to exact a license fee from a lawyer practicing his profession in that city.

That part of the ordinance under which the prosecution was brought, reads as follows:

"Sec. 19. Every person practicing the profession of a lawyer, abstractor, dentist, physician or surgeon, shall take out a license and pay for the same at the rate of ten dollars ($10.00) per annum."

Sec. 1, makes it unlawful for any person to carry on a business without first procuring a license.

A municipal corporation possesses no power not con_ferred upon it by law.

It is claimed by the appellant that subdivision 87 of Sec. 206, p. 134, Rev. Stat. 1898, confers this power. That section provides that the city council shall have the following power: "To raise revenues by levying and collecting 'a license fee or tax on any private corporation or business within the limits of the city, and regulate the same by ordinance. All such license fees and taxes shall be uniform in respect to the class upon which they are imposed."

Subdivision 38 of Sec. 206, p. 129, Rev. Stat. 1898, preceding the above subdivision, also grants powers as follows:

"To license, tax, regulate hawking, peddling, pawnbrokerage, employment agencies, the keeping of ordinaries, theatrical, and other exhibitions, shows, and amusements, and the business conducted by ticket scalpers, distillers, brewers, money-changers, brokers, keepers of public scales, runner for stages,'cars, public houses, or other persons or things, and to revoke such license at pleasure; to license, tax, and regulate banks, bath houses, livery stables, skating rinks, smelters, crushers, express companies, restaurants, hotels, taverns, theatres, opera houses, music halls, boarding houses, eating houses, chop houses, lodging houses, laundries, barber shops, second-hand or junk stores, and to forbid the owners or persons in charge of said stores from purchasing or receiving any article whatever from minors without the written consent of their guardian or parents; to license, tax, and regulate the business conducted by hackmen, draymen, omnibus drivers, carters, cabmen, porters, expressmen, watermen,

and all other persons pursuing like occupations and to prescribe their compensation; to license, tax, and regulate the business conducted by merchants, retailers, shop and storekeepers, butchers, druggists, photographers, assayers, confectioners, and fruit peddlers."

This section does not embrace the right to license lawyers. These provisions of the statute must be read and construed with relation to each other. In 1888, the legislature enacted a statute the same as subdivision 87, above referred to. 1 Comp. Laws, 1888, p. 631, subd. 89.

This provision was enacted as an amendment to charters of incorporated cities, of which Ogden City was one. Sec. 1, C. L. U. 1888, p. 652, Sec. 1817.

At the same time there was in force and the legislature re-enacted and included it in the compilation of 1888, another statute which expressly provided that cities might impose a license fee upon lawyers. 1 C. L. U. 1888, p. 330, subd. 6, Sec. 283.

These provisions were in force when the Revised Statutes of 1898 were enacted, but the legislature at that time repealed the provision with reference to lawyers, and re-enacted only the general clause, subd. 38, above referred to, providing for licensing, taxing, and regulating certain kinds of business, trades, and employments, but without mentioning the professions or lawyers therein.

A general rule for the construction of statutes is that where a part of an act has been repealed, it must, although of no operative force, still be taken in construing the rest. The propriety of comparing repealed statutes with those remaining in force, or subsequently enacted, for the purpose of construing the latter is not to be questioned in the absence of any reference to them in the statute under consideration.

It is said by Endlich on Int. of Statutes, Sec. 51, that,

"The rule which permits a resort to repealed and superseded statutes, in *pari materia*, is of great importance in the construction of statutes which re-enact, with changes, and repeal former ones, and in that of enactments containing revisions or codifications of earlier laws. As to the former, it is obvious that a change of language is some indication of a change of intention. Thus, where a repealed act imposed a penalty on the owner of cattle found lying on the highway 'without a keeper,' and the same provision was re-enacted without the last words, the omission was construed as obviously showing the intention that the presence of a keeper should not longer absolve the owner from liability." Endlich on Int. of Stats. Secs. 49, 50 and 51.

In Sutherland on Statutory Construction, Sec. 140, it is said: "An affirmative enactment of a new rule implies a negative of whatever is not included, or is different; and if by the language used a thing is limited to be done in a particular form or manner, it includes a negative that it shall not be done otherwise. An intention will not be ascribed to the law-making power to establish conflicting and hostile systems upon the same subject, or to leave in force provisions of law by which the later will of the legislature may be thwarted and overthrown."

By repealing the clause providing for licensing and taxing lawyers and enacting the general clause referred to leaving lawyers and the professions generally out of such re-enactment, impels the conclusion that the legislature intended to deprive the cities of the power to impose a license fee or tax upon lawyers that they had formerly possessed. There must have been an object and purpose in this deliberate repeal in one section and omitting to insert its provisions in the act as re-enacted having special reference to licensing and taxing in cities. And when

subdivision 87 is considered with reference to subdivision 38, and the repeal of subdivision 6 of Sec. 283, it is evident that it was not intended that lawyers should be licensed or taxed under its provisions.

The conclusion follows that Sec. 19 of the ordinances of Ogden City, under which this prosecution was commenced, as applied to lawyers, is void, and that the judgment of the district court in discharging the respondent, is correct.

This conclusion in no way modifies or changes the rule as laid down in *Ogden City* v. *Crossman*, 17 Utah, 66, 53 Pac. Rep. 985. The rule therein laid down correctly applies to the facts as presented in that case.

The judgment of the district court is affirmed, with costs.

BARTCH, C. J. and BASKIN, J. concur.