In re Davis's Will.

In re Davis's Will.

*May 19 — June 22, 1899.*

*Nuncupative wills: Real estate: Income of real estate.*

Under the statutes of Wisconsin a nuncupative will is inoperative to transfer title to real estate, or to dispose of the income of real estate accruing subsequent to the testator's death.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

The facts are stated in the opinion.

*James A. Powers*, for the appellant.

*John H. Roemer*, guardian *ad litem*, for the respondents.

CASSODAY, C. J.    It appears from the record that August 18, 1896, at 5 o'clock a. m., Russell E. Davis died at his home in Milwaukee, leaving a nuncupative will spoken a few hours before, and during his last sickness, and which was thereupon reduced to writing, as follows: "I give unto my wife the income of my entire estate during her widowhood. If she shall remarry, she is to have one third of my estate, and the other two thirds is to go to my children. Upon the death of my wife, my whole estate is then to go to my chil-

In re Davis's Will.

dren. I appoint my brother Oscar F. Davis my executor."
It further appeared that the speaking of such words was
duly witnessed, and the same duly proved and admitted to
probate as a nuncupative will of deceased November 30, 1896;
that the deceased left, him surviving, his widow, *Anna C.
Davis*, and his three children, *Viola*, *Richard*, and *Lorrain O.*,
all of whom were infants and under age; that he died seised
of real estate in Milwaukee county of the appraised value
of $31,600, and personal estate of the appraised value of
$18,832.66; that, on a petition to construe the will, the county
court, November 12, 1897, ordered, adjudged, and decreed
that the true construction of the will, as far as the same re-
lates to the real estate of the deceased, was that the will
was not legal or effectual to pass the income of the real es-
tate accruing subsequently to the death of the deceased, or
any part thereof, and that the real estate was not affected
by the will; that, upon an appeal from such judgment and
decree to the circuit court, that court, on October 27, 1898,
ordered and adjudged that the decree of the county court
so rendered be affirmed.

From that order and judgment the widow, *Anna C. Davis*,
brings this appeal.

The only question for consideration is whether the words
so spoken, and constituting the nuncupative will of the de-
ceased, were effectual to pass the income of the real estate
to the widow. The statute declares, in effect, that the owner
of "lands," or of any interest therein, "may *devise* and dis-
pose of the same by last will and testament in *writing;* and
all such estate not disposed of by will shall descend as the
estate of an intestate," etc. Stats. 1898, sec. 2277. This in-
cludes the right to "devise" the homestead. Sec. 2280.
The statute also declares that "the word 'land' or 'lands,'
and the words 'real estate' and 'real property' shall be
construed to include lands, tenements and hereditaments
and all rights thereto and interests therein." Sec. 4971,

subd. 9; sec. 2025. The statute also declares that every competent person "may, by last will and testament in writing, *bequeath* and dispose of all his or her *personal estate* remaining at his or her decease," etc. Sec. 2281. All wills, except nuncupative wills, must be in writing, and executed as prescribed. Sec. 2282. And the statute further declares that "no nuncupative will shall be good when the estate *bequeathed* shall exceed the value of $150 that is not proved," as therein prescribed. Sec. 2292. The old English statute, of which that section is almost a literal copy, used the words "the estate thereby *bequeathed*." 29 Car. II, ch. 3, § 19. The word "bequeath" is commonly used with reference to the disposition of personal property; and the word "devise," with reference to the disposition of real property. Cent. Dict.; And. Law Dict.; Schouler, Wills, §§ 3, 513; *In re Fetrow's Estate*, 58 Pa. St. 427. To hold that real estate could be disposed of by a nuncupative will would be repugnant to other provisions of the statutes requiring conveyances of and contracts relating to real estate to be in writing. Stats. 1898, secs. 2302, 2304. We must hold that under our statutes a nuncupative will is inoperative to transfer title to real estate. This is in accord with the rulings of other courts under similar statutes. *Sadler v. Sadler*, 60 Miss. 251; *McLeod v. Dell*, 9 Fla. 451; *Smithdeal v. Smith*, 64 N. C. 52; *Palmer v. Palmer*, 2 Dana, 390; *Page v. Page*, 2 Rob. (Va.), 424; *Lewis v. Aylott*, 45 Tex. 190; *Pierce v. Pierce*, 46 Ind. 86. But this does not prevent such will from being effectual as to the personal property. *McLeod v. Dell, supra*.

Counsel contends that the income of the real estate passed to the widow as personal property. The difficulty with such contention is that the will, when admitted to probate, took effect, by way of relation, as of the death of the testator. Stats. 1898, sec. 2294; *Graves v. Mitchell*, 90 Wis. 314, and cases there cited. In other words, the language of the will must be construed with reference to the time of the testator's

death.   At that time the estate consisted partly of personal property and partly of real estate.   It is conceded that the will was effectual as to the personal estate.   It was only held to be ineffectual to pass any part of the income of the real estate *accruing subsequent* to the death of the testator.   Such income had no existence until after such death, and thereafter the same came and is to come into existence as the rents, issues, and profits of the real estate.   Our statutes treat such rents, issues, and profits as real estate.   Stats. 1898, secs. 2060–2065, 2072, 2073, 2081, 2089; *Scott v. West*, 63 Wis. 532, 574–585.   The adjudications are to the same effect. *Page v. Page*, 2 Rob. (Va.), 424; *Cooper v. Pogue*, 92 Pa. St. 254; *Fay v. Fay*, 1 Cush. 93; *Andrews v. Boyd*, 5 Me. 199; *Butterfield v. Haskins*, 33 Me. 392; *Earl v. Rowe*, 35 Me. 414; *Mather v. Mather*, 103 Ill. 613; *Johnson v. Johnson*, 92 Tenn. 559; *S. C.* 36 Am. St. Rep. 104.   We must hold that the will was inoperative in so far as it attempted to dispose of the income of the real estate.

*By the Court.*— The judgment of the circuit court is affirmed.