[No. 13085. Department One. May 20, 1916.]

ELIZABETH IRWIN *et al., Appellants,* v. CORA A. ROGERS
*et al., Respondents.*[1]

WILLS—RIGHT TO MAKE—STATUTES. The right to make a will is
purely a creature of statute and subject to legislative control.

STATUTES—CONSTRUCTION. When not defined by statute, terms
having a well defined meaning at common law will be given that
construction.

WILLS—NUNCUPATIVE WILL—TITLE TO REALTY—STATUTES. Real
estate cannot pass by a nuncupative will, in view of the definite
common law meaning of the term, and the fact that Rem. & Bal.
Code, § 1330, authorizing nuncupative wills is taken almost verbatim
from the statute of wills (29 Chas. II) which was uniformly con-
strued to exclude real estate; especially in view of the general policy
of our law to require all contracts conveying real property to be in
writing.

Appeal from an order of the superior court for Spokane
county, Kennan, J., entered December 4, 1914, in favor of
the defendants, denying the probate of an alleged nuncupative
will, after a hearing before the court. Affirmed.

*Del Cary Smith, Wm. E. Richardson,* and *Edmund J. Far-
ley,* for appellants.

*Danson, Williams & Danson* (*George D. Lantz,* of coun-
sel), for respondents.

MORRIS, C. J.—The only question presented by this appeal
is whether, under our law, a nuncupative will is effective to
pass title to real estate. Being solely a question of law, the
facts are immaterial. Before noting our statutes, it will
clarify our reasoning to first briefly review the history of
written and nuncupative wills.

In England, prior to the Norman Conquest, freedom of
testamentary disposition over land had been established, ex-
cept as limited by grant and certain family claims. Follow-
ing the introduction of the feudal system, the power of aliena-

.[1]Reported in 157 Pac. 690.

tion by will soon disappeared, save through the medium of a devise to uses enforced in chancery, except in a few localities where feudal tenures did not prevail. It is hardly possible to speak with certainty as to the formal requirements of such wills. However, it is very unlikely that a writing was necessary. It was not until the passage of 32 Hen. VIII (known as the statute of wills) that real property became devisable at common law by written will. At this time real property could pass only by a will in writing, made with certain prescribed formalities, while personal property could be bequeathed by nuncupation without any formality whatever. With the growth of learning and the progress of letters, the necessity for nuncupative wills ceased to exist. In addition to the lack of necessity, many fraudulent practices grew up in setting forth such wills, and such frauds became so common that nuncupative wills gradually fell into disfavor and were finally considered to be invalid unless made during the last sickness of the testator. Owing to the many frauds and perjuries to which nuncupative wills were subject, the statute of frauds was enacted (29 Chas. II), putting these testaments under very strong restrictions. Under the law as then administered, a nuncupative will was effective to pass only the testator's personal estate, for real estate being the subject of devise only, by force of 34 Hen. VIII, which required the will to be in writing, a nuncupative will was regarded as too informal in character to operate on this class of property. The following citations will give a more complete history of the law of wills. 2 Blackstone, Commentaries, p. 489 *et seq.*; 30 Am. & Eng. Ency. Law (2d ed.), 549, 560, and 561; Gardner, Wills, § 12; 1 Schouler, Wills, Executors and Administrators (5th ed.), § 15.

With this brief resume, we come to our own material statutes, as found in the following sections of Rem. & Bal. Code:

"Section 1319. Every person who shall have attained the age of majority, of sound mind, may by last will devise all his or her estate, real and personal."

"Section 1320.　Every will shall be in writing, signed by the testator or testatrix, or by some other person under his or her direction in his presence, and shall be attested by two or more competent witnesses, subscribing their names to the will in the presence of the testator."

"Section 1330.　No nuncupative will shall be good when the estate bequeathed exceeds the value of two hundred dollars, unless the same be proved by two witnesses who were present at the making thereof, and it be proven that the testator, at the time of pronouncing the same, did bid some person present to bear witness that such was his will, or to that effect, and such nuncupative will was made at the time of the last sickness and at the dwelling' house of the deceased, or where he had been residing for the space of ten days or more, except where such person was taken sick from home and died before his return.　Nothing herein contained shall prevent any mariner at sea or soldier in the military service from disposing of his wages or other personal property by nuncupative will."　(P. C. 409 §§ 25, 29, 49.)

Based upon these statutes, appellants' argument takes something of a wide range, but as we understand it, it may be briefly summarized as follows:

First:　The right or power to dispose of property by will is solely a creature of statute.　In other words, is a civil and not a natural right.

Second:　The term "will" includes both written and nuncupative wills.

Third:　That under § 1319, "Every person . . . may by last will devise all his or her estate, real and personal."

Fourth:　That the only power to make a will in this state is derived from § 1319.

Fifth:　That § 1330, not specifically indicating the character of property to pass by nuncupative will, must necessarily be governed in this respect by § 1319, which expressly provides for the devise of both *real and personal property by will.*

There can be no doubt of the soundness of appellants' first proposition, that the right to make a testamentary disposition of property is purely a creature of statute and within absolute legislative control.　*United States v. Perkins*, 163 U. S.

625; *In re Noyes' Estate,* 40 Mont. 178, 105 Pac. 1013.
Such is the reasoning and effect of our own decisions. *State
v. Clark,* 30 Wash. 439, 71 Pac. 20; *Strand v. Stewart,* 51
Wash. 685, 99 Pac. 1027. The second, third and fourth
propositions of appellants may also be accepted for the pur-
pose of deciding this case. We now come to the fifth proposi-
tion, asserting that, inasmuch as § 1330 does not in express
terms designate the character of property which may be dis-
posed of by nuncupation, we are relegated to § 1319, which
grants the privilege as to both real and personal property.

In this case, as in all others of statutory interpretation, a
cardinal rule in determining the question presented is to as-
certain the intent of the legislature. It is a sound rule that,
whenever the legislature uses a term without defining it, such
term being well known to the common law, and there given a
definite meaning, such use will be presumed to have been made
in the sense in which it was understood at common law. Put
in another way, where terms which were used in the common
law are contained in a statute without an explanation of their
meaning, or the sense in which they are to be construed, they
will receive the construction placed upon them by the com-
mon law.

"Where a statute uses a word, which is well known and has
a definite sense at common law or in the written law, without
defining it, it will be presumed to be used in that sense and
will be so construed, unless it clearly appears that it was not
so intended." 1 Lewis' Sutherland, Statutory Construction
(2d ed.), § 398.

This rule of construction is decisive of the question pre-
sented. Our nuncupative will statute (Rem. & Bal. Code,
§ 1330; P. C. 409 § 49) is taken almost verbatim from the
English nuncupative will statute (29 Chas. II), which, at the
time of the enactment of our statute, had been uniformly con-
strued as to exclude real estate. It is a sound rule that a
statute will not be construed in derogation of the common law
unless the legislature has clearly expressed such an intention.

Appellants' sole argument is based upon the fact that the legislature did not, in Rem. & Bal. Code, § 1319 (P. C. 409 § 25), add "in writing" after the word "will," saying in their brief:

"Had the legislature of this state said that 'Every person may by last will "in writing" ' instead of saying 'may by last will and testament devise all his or her estate, real and personal' we would be frank to say that the question now presented would be a debatable one."

This contention assumes that, by the mere omission of the words "in writing," the legislature has changed the settled law of nuncupative wills as it has stood for generations. To so hold would be judicial legislation.

Another reason presents itself why real estate cannot pass by nuncupative will, viz.: our statutes relative to the transfer of such property. It has long been the general policy of our law, as expressed in various statutes, to require all contracts conveying real property, or evidencing any interest therein, to be in writing. Rem. & Bal. Code, § 8745 et seq. (P. C. 143 § 1). To now hold that real estate can pass by nuncupation would be in effect to engraft an exception to the general rule and change the policy as to conveyances of real estate by devise. Like reasoning is made use of in Texas and Wisconsin in holding that real estate cannot be devised by nuncupative will. Lewis v. Aylott, 45 Tex. 190; Moffett v. Moffett, 67 Tex. 642, 4 S. W. 70; In re Davis' Will, 103 Wis. 455, 79 N. W. 761. The Texas statutes on wills are in effect the same as ours. Vernon's Sayles' Civil Statutes, § 7855 et seq. Other cases throwing much light on the query are: Maurer v. Reifschneider, 89 Neb. 673, 132 N. W. 197, Ann. Cas. 1912 C. 643; Prince v. Hazleton, 20 Johns. (N. Y.) 501; Smithdeal v. Smith, 64 N. C. 52; In re Male's Will, 49 N. J. Eq. 266, 24 Atl. 370; Brown v. State, 87 Wash. 44, 151 Pac. 81.

A diligent search has revealed only one case (Gillis v. Weller, 10 Ohio 462) holding a contrary view. Appellants

do not strongly rely on this case, and we limit our discussion of it to a quotation from *Maurer v. Reifschneider, supra:*

"Our attention has not been called to a case from any state, except Ohio, in which it has been held that a nuncupative will is efficacious to pass the title to land. The soundness of that decision is to be doubted, and in that state the statute has since been changed. This court, as well as the courts of this country generally, does not look with favor upon oral testaments."

We are clearly of the opinion that the legislature did not intend to change the common law relative to nuncupative wills, and that until it does so in unmistakable language, real estate cannot be devised under such a will.

The judgment is affirmed.

MOUNT, CHADWICK, and ELLIS, JJ., concur.