[No. 21700.   Department One.   July 1, 1929.]

ENDICOTT-JOHNSON CORPORATION, *Appellant,* v. ISRAEL LURIE *et al., Defendants,* SEATTLE MERCHANTS ASSOCIATION, *Respondent.*[1]

*Leopold M. Stern, Edward F. Stern,* and *D. D. Mote,* for appellant.

*Roberts, Skeel & Holman* and *Elwood Hutcheson,* for respondent.

FULLERTON, J.—For some time prior to November 17, 1927, the defendant Israel Lurie owned and conducted a retail clothing store at the city of Everett, in the state of Washington. He became insolvent, and on the date named made a common law assignment to the respondent, Seattle Merchants Association, of all of his property for the benefit of his creditors. The deed of assignment contained, among others, the following conditions:

"That said Assignee shall take immediate possession of all of said property, rights and privileges, hereinafter named 'trust estate,' as of an estate in fee

[1]Reported in 278 Pac. 693.

simple and shall have and possess the same power to control, use, manage, operate and dispose of the same, and to incur all and proper expenses in connection therewith, as in the judgment of the said Assignee shall seem to be to the best interests of the creditors of said Assignor, as fully as though said Assignee was the absolute owner thereof, but without incurring any personal liability therefor other than to bind the trust estate in the hands of said Assignee."

The association took possession of the property pursuant to the terms of the assignment, converted the property into cash and made a partial distribution thereof to the creditors who had filed claims with the association. Certain of the creditors, however, did not file their claims with the association, among whom was the Endicott-Johnson Corporation. That creditor brought an action upon its claim against Lurie and later obtained a judgment thereon. At the time of the commencement of its action, the creditor sued out a writ of garnishment against the association, purporting to garnish the funds in its hands as the property of Lurie. The association answered to the writ, setting out the deed of assignment, and averring that it held the property of Lurie in trust for the benefit of Lurie's creditors, and that it would distribute the property *pro rata* among his creditors who would file claims against him in compliance with the deed of trust; further averring that if the garnishing creditor would file such a claim, it would include it among the creditors of Lurie as being entitled to a *pro rata* share of the property. The creditor controverted the return, contending that the deed of assignment was invalid and void on its face.

On a trial of the issues between the association and the creditor arising out of the return and the objection thereto, the court held the deed of assignment valid, and denied to the creditor any form of relief. From the

order entered evidencing the judgment of the court, the creditor appeals.

In the court below, the appellant made a number of contentions thought to show the invalidity of the deed of assignment and the proceedings thereunder; but in this court it confines itself to the contention that the deed is void because of the condition therein which we have hereinbefore quoted. The argument is that the quoted clause exempts the assignee from liability for negligence or wrong in the administration of the trust estate, and that such an exemption renders the transaction void in its inception.

But we think the argument untenable. While the language of the quoted clause is obscure, we are by no means certain that it requires the interpretation the appellant puts upon it; but, conceding that it does so, we cannot conclude that it renders the assignment void. It may be true that, in proceedings of this sort, an assignee will not be permitted to contract against his own negligent or wrongful acts; but it does not follow that, because he attempts to do so, the deed of assignment is void in its entirety. The cases, it is true, are not uniform on the question. But there are many cases which hold that, where such a deed contains both valid and invalid provisions, and those that are valid can be separated from those that are invalid without defeating the general intent and purpose of the deed, the deed will be sustained notwithstanding the invalid provisions. *Peters v. Bain,* 133 U. S. 670; *Denny v. Bennett,* 128 U. S. 489; and cases there cited.

In this state, an assignment for the benefit of creditors by a failing debtor is favored in law. It prevents wasteful litigation, permits a speedy distribution of the debtor's property to those entitled thereto, and tends to an equal distribution of the property ratably among those so entitled. In this instance, the objec-

tionable clause can be rejected without doing violence to any other of the conditions of the deed of assignment, and in our opinion it should not be allowed to invalidate the deed as a whole.

It may be added that there is nothing in the present record that even tends to show that the assignee is not conducting its trust in strict accord with its obligations and to the best interest of the estate of the debtor and its beneficiaries. Should, however, the fact subsequently prove otherwise, it can be held to account for any loss caused by its mismanagement which arises from its wrong or neglect, notwithstanding the clause in the deed may have been intended to provide to the contrary.

The judgment is affirmed.

TOLMAN, HOLCOMB, MAIN, and BEALS, JJ., concur.