[No. 26217.   Department One.   December 22, 1936.]

SEATTLE ASSOCIATION OF CREDIT MEN, *as Assignee, Appellant,* v. GENERAL MOTORS ACCEPTANCE CORPORATION, *Respondent.*[1]

[1] Reported in 63 P. (2d) 359.

*Mifflin & Mifflin* and *Bailey & Croson,* for appellant.

*Eggerman & Rosling* and *Joseph J. Lanza,* for respondent.

BLAKE, J.—On February 15, 1935, W. S. McNamara & Co. made a common law assignment for the benefit of creditors to Seattle Association of Credit Men, a corporation. The latter, on August 14, 1935, brought this action to recover, as preferences, certain payments made by its assignor to defendant within the four months period prior to February 15, 1935. To the complaint, defendant interposed a demurrer, which was sustained on the ground that plaintiff had no legal capacity to sue. Judgment of dismissal was accordingly entered. Plaintiff appeals.

The appeal involves the construction of § 1, chapter 47, Laws of 1931, p. 160 (Rem. Rev. Stat., § 5831-1 [P. C. § 4532-1]), which provides:

"Actions in the courts of this state *by a trustee, receiver or other liquidating officer* of an insolvent corporation, to recover a preference as herein defined may be commenced at any time within six months *from the time of the filing of the application for the appointment of such trustee, receiver or other liquidating officer.*" (Italics ours.)

The theory upon which the demurrer to the complaint was sustained is that the appellant is not a *trustee, receiver or other liquidating officer* of W. S. Mc-

Namara & Co., in contemplation of the statute. The theory seems to be based on two assumptions: (1) That the legislature, in enacting chapter 47, Laws of 1931, intended to, and did, completely codify the trust fund doctrine; (2) that, by the terms of the act itself, it is apparent that the legislature intended that actions to recover preferences could be maintained only by a trustee, receiver or other liquidating officer appointed by the court "upon the filing of an application."

*First:* The first assumption may be summarily dismissed from consideration. The act is wholly lacking in procedural specifications and provisions relating to the administration of the trust estate. Taking the act by its four corners, it deals with but one phase of the *trust fund doctrine:* preferences. Before the passage of the act, all payments, without a present consideration, made to creditors after insolvency could be recovered as preferences—and this without regard to the creditor's knowledge of the corporation's insolvency. *Jones v. Hoquiam Lumber & Shingle Co.,* 98 Wash. 172, 167 Pac. 117; *Jensen v. American Bank of Spokane,* 157 Wash. 240, 288 Pac. 660. As pointed out in *Meier v. Commercial Tire Co.,* 179 Wash. 449, 38 P. (2d) 383, the obvious purpose of the legislature in enacting chapter 47, Laws of 1931,

". . . was to mitigate the harshness of the rule when applied to a creditor who, in good faith and without knowledge of the insolvency, has received a payment more than four months before the filing of an application for the appointment of a receiver."

Upon re-examination of the statute, we are still satisfied that is its sole and only purpose. Clearly, it is not intended as a codification of all the rules relating to the trust fund doctrine built up by the decisions of this court prior to its enactment.

*Second:* Prior to the 1931 enactment, the right

of an assignee under a common law assignment for the benefit of creditors to maintain an action to recover a preference was unquestionable. *Keyes v. Sabin,* 101 Wash. 618, 172 Pac. 835. Indeed, the assignment for the benefit of creditors has been favored in law because it "prevents wasteful litigation, permits a speedy . . . and . . . equal distribution of the property ratably among those so entitled." *Endicott-Johnson Corp. v. Lurie,* 152 Wash. 653, 278 Pac. 693.

It is interesting to note that, since the enactment of 1931, at least one action, brought by an assignee for the benefit of creditors to recover a preference, has been before this court. *Seattle Ass'n of Credit Men v. Bank of California, N. A.,* 177 Wash. 130, 30 P. (2d) 972. True, the case has no weight as authority in the solution of the present problem, because the right of the assignee to bring the action was not challenged.

Now, what do we find in the terms of chapter 47, Laws of 1931, that tends to show that the legislature intended to abrogate the right of assignees for the benefit of creditors to maintain such actions? It is conceded that an assignee for the benefit of creditors "sues in the capacity of a trustee." *Keyes v. Sabin, supra.* So, the failure to include *assignee,* as such, in terms of the statute is not, in itself, persuasive that the legislature intended to abrogate the right of such a one to maintain the action.

But it is said the statute, not only in the section quoted but throughout, contemplates the *appointment* of a trustee, etc. Neither do we find in this any obstacle to the maintenance of the action by the assignee. For the designation in the deed of assignment of appellant as assignee constituted an appointment in the legal sense of the term, just as the designation of an executor or guardian by will constitutes an appointment.

"The definition of appointment is 'the designation of a person by the person . . . having authority therefor to discharge the duties of some office or trust;' . . . " *State ex rel. Nicholls v. Shakespeare,* 41 La. Ann. 156.

■ But, argues respondent, the appointment was not made upon *"the filing of . . . application."* This is really the troublesome language of the statute with respect to the problem with which we are concerned. There are two well established rules by which we must be governed in construing a statute. On the one hand, we must give effect to each and every part of it; on the other, we are not permitted to read into a statute anything which we may conceive the legislature may have unintentionally left out. Rather than violate the latter rule, the court will leave ambiguous phrases of statutes ineffective and refer their correction to the legislature. And that is what must be done with respect to the phrase we are considering.

To render the phrase effective would require much supplementation by the court. No tribunal is even designated in which such application must be filed. The character of the application is not prescribed. No process is provided to bring it up for hearing. To supply these deficiencies in the act in order to give effect to the ambiguous phrase, would amount to judicial legislation. From the phrase itself, we think it would be a violent assumption to say that the legislature intended in any manner to change or modify our long established practice and procedure with respect to the appointment of trustees for insolvent corporations. That such an assumption would be repugnant to the legislative intent, is apparent from the title of the act, which is comprehensive of its content.

"An act relating to insolvent corporations, defining preferences, providing for offsets, and limiting the

time in which actions for preferences may be commenced.''

■ The statute is one modifying the common law of this state. *Sterrett v. White Pine Sash Co.*, 176 Wash. 663, 30 P. (2d) 665. Such being its purpose, it will not be construed in derogation of the common law beyond its plain intent and scope. *Irwin v. Rogers*, 91 Wash. 284, 157 Pac. 690, L. R. A. 1916E, 1130.

Judgment reversed.

MAIN, GERAGHTY, STEINERT, and HOLCOMB, JJ., concur.