[No. 26751. Department Two. January 6, 1938.]

*In the Matter of the Estate of* RACHEL JANE PHILLIPS, *Deceased.*

VERONA PHILLIPS, *as Guardian, Appellant,* v. VIRGIL S. PHILLIPS, *as Executor, Respondent.*[1]

[1]Reported in 74 P. (2d) 1015.

*W. O. Miller,* for appellant.

*Ott & Cross* and *C. H. Brittenham,* for respondent.

STEINERT, C. J.—This action was brought by the mother and guardian of four minor children to have an undivided one-fifth interest in the estate of the children's paternal grandmother set over to them as pretermitted heirs. From a decree denying the petition and simultaneously distributing the whole estate in accordance with the provisions of the will of the deceased, the guardian has appealed.

On October 7, 1925, Rachel Jane Phillips, the grandmother, executed a nonintervention will, the pertinent provisions of which, so far as this action is concerned, read as follows:

"Third: I have in mind my five children, Robert Hugh Phillips, age 35 years; Silas Ward Phillips, age 33 years; Eugene Claten Phillips, age 31 years; David Benton Phillips, age 29 years; and Georgia Frances Phillips, age 21 years, and make no provision as to them, knowing that my said husband, who is their father, will deal justly with them.

"All the remainder of my property and estate, both real and personal, of every kind and description and

wheresoever situate, I give, devise and bequeath to my husband, Virgil S. Phillips, of Cheney, Washington."

At the time of the execution of her will, Rachel Jane Phillips and her husband, the respondent herein, had five children, the same being the persons designated in the paragraph just quoted. At that time, Silas Ward Phillips, one of the children named in the will, was married to appellant herein and had one child; three other children were subsequently born to him and appellant. Silas Ward Phillips died intestate on July 26, 1929, survived by his wife and their four minor children.

Rachel Jane Phillips died April 16, 1936, without having made any change in her will. Thereafter, the will was admitted to probate and an order was entered appointing respondent executor. On August 24, 1936, appellant, as guardian of the four minor children, filed the petition on which this action is based. The decree denying the petition was rendered February 18, 1937.

The assignments of error involve the construction of Rem. Rev. Stat., § 1402 [P. C. § 10029], which reads as follows:

"If any person make his last will and die leaving a child or children or descendants of such child or children not named or provided for in such will, although born after the making of such will or the death of the testator, every such testator, *as to such child or children not named or provided for,* shall be deemed to die intestate, and such child or children or their descendants shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them, and all the other heirs, devisees and legatees shall refund their proportional part." (Italics ours.)

The ultimate question to be decided on this appeal is whether, by reason of the facts stated and the provisions of Rem. Rev. Stat., § 1402, the four minor children of Silas Ward Phillips are to be deemed pretermitted heirs of Rachel Jane Phillips and therefore entitled to share in her estate.

In the construction of wills, it is a fundamental rule, enforced by statute and consistently followed by this court, that it is the duty of the courts to ascertain, if possible, from the terms of the will itself, the true intent of the testator and give it effect if legally permissible. Rem. Rev. Stat., § 1415 [P. C. § 10042]; *Shufeldt v. Shufeldt,* 130 Wash. 253, 227 Pac. 6; *In re Hart's Estate,* 150 Wash. 482, 273 Pac. 735; *In re Tiemens' Estate,* 152 Wash. 82, 277 Pac. 385, 68 A. L. R. 753; *O'Shaughnessy v. Brooks,* 153 Wash. 247, 279 Pac. 591; *In re Long's Estate,* 190 Wash. 196, 67 P. (2d) 331.

It is also the rule that, while the will speaks as of the date of the death of the testator, the intention of the testator is to be determined as of the time of the execution of the will. *Peiffer v. Old Nat. Bank & Union Trust Co.,* 166 Wash. 1, 6 P. (2d) 386; *In re McNulta's Estate,* 168 Wash. 397, 12 P. (2d) 389; *In re Doepkes' Estates,* 182 Wash. 556, 47 P. (2d) 1009.

It is apparent from the terms of the will as above quoted that it was the intention of the testatrix to devise and bequeath all of her property to her husband, the respondent. It follows, from the rules just stated, that the court must give effect to her intention unless the provisions of Rem. Rev. Stat., § 1402, compel a different result.

Inasmuch as we shall have to analyze Rem. Rev. Stat., § 1402, and interpret its various clauses in relation to each other, it will afford a more con-

venient means of reference to the section if we first divide it into its component parts, as follows:

(1) "If any person make his last will and die leaving a child or children or descendants of such child or children not named or provided for in such will, although born after the making of such will or the death of the testator,"

which we shall designate as the "conditional" clause;

(2) "every such testator, *as to such child or children not named. or provided for,* shall be deemed to die intestate," (Italics ours.)

which we shall designate as the "effectual" clause, and

(3) "and such child or children or their descendants shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them and all the other heirs, devisees and legatees shall refund their proportional part,"

which we shall designate as the "resulting" clause.

It will be observed that the word "descendants" occurs in both the conditional and resulting clauses, but not in the effectual clause; to that extent, therefore, the conditional and resulting clauses are broader than the effectual clause.

In substance, then, the statute first states the conditions upon the occurrence of which it shall operate, then declares what the legal effect of such conditions shall be, and finally designates the results that shall follow from such legal effect.

The conditions which must exist in order to make the statute operative are that a person make a will and die leaving a child or children or descendants of such child or children not named or provided for therein. It may be conceded that these conditions are met by the present case, to the extent that the

decedent made her will and that she did not name or provide for the descendants of a child, who, although he was named in her will, had died prior to the time of the death of the testatrix. However, it will be noted that the conditional clause does not in itself declare intestacy or the extent thereof, but simply indicates the circumstances and conditions upon which intestacy as declared in the effectual clause is predicated.

Passing, for the moment, to the third, or resulting clause, where the word "descendants" again appears, it is likewise seen that this clause does not, of itself, declare or create intestacy, but merely states what results shall follow from intestacy as deemed and declared in the effectual clause just preceding it. Expressed in a slightly different way, the right of a child or children or their descendants to take a proportion of the estate of a common ancestor is dependent and consequent upon intestacy of such ancestor as to *his child or children* not named or provided for in the will. If, however, the ancestor names or provides for *his child or children* in the will, then he does not die intestate as to them and hence there is no basis for any claim by the *descendants* of such child or children.

We come, then, to the effectual clause itself, which declares the extent to which the testator shall be deemed to die intestate if the conditions of the first clause exist. The effectual clause provides that the testator shall be *deemed to die intestate* "as to such child or children not named or provided for," but it does not refer to nor include *descendants* of such child or children. The disappearance of the word "descendants" is abrupt, significant, and of suggestive import. The abscission must have resulted either

from the intentional act of the legislature or else from its carelessness or oversight.

It will not be assumed that the legislature unintentionally omitted language from a statute which on its face is definite and unambiguous, nor will the language of a statute which is explicit and unequivocal be given an ambiguous meaning in order that other language supposed to remove the ambiguity may be supplied.

Quite recently we have reiterated two well established rules of statutory construction: (1) Effect must be given to each and every part of a statute, and (2) the court may not read into a statute anything which it may conceive that the legislature has unintentionally left out. *Seattle Ass'n of Credit Men v. General Motors Acceptance Corp.*, 188 Wash. 635, 63 P. (2d) 359. It is also the rule that, when the legislature uses a term without defining it, such term being well known to the common law and there given definite meaning, it will be presumed that the legislature used the word in the sense in which it was understood at common law. *Irwin v. Rogers*, 91 Wash. 284, 157 Pac. 690, L. R. A. 1916E, 1130.

The language of the effectual clause is plain, definite, limited, and exclusive in its terms. It includes only a child or children, and not descendants. To supply, by implication, the word "descendants" would extend the meaning of the words of the effectual clause beyond their ordinary acceptation. The words "child" and "descendant" are not synonymous. *Turner v. Monteiro*, 127 Va. 537, 103 S. E. 572, 13 A. L. R. 383, 387. By the very terms of the statute itself, the testatrix is deemed to die intestate only as to her child or children not named or provided for in her will, but not as to the descendants of such child or children. We conclude, therefore, that Rachel Jane Phillips did

not die intestate as to the children of Silas Ward Phillips.

There is another reason supporting our construction of the statute. Prior to 1917, the statute providing for intestacy where children were not named or provided for in the will of a decedent read as follows:

"If any person make his last will and die, leaving a child or children, or descendants of such child or children, in case of their death, not named or provided for in such will, although born after the making of such will, or the death of the testator, every such testator, so far as he shall regard such child or children, *or their descendants,* not provided for, shall be deemed to die intestate, and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them, and all the other heirs, devisees, and legatees shall refund their proportional part." (Italics ours.) Rem. & Bal. Code (1910), § 1326.

We have quoted this statute in full in order that both its similarity and its dissimilarity to Rem. Rev. Stat., § 1402, may be seen.

Were Rem. & Bal. Code, § 1326, above quoted, controlling here, undoubtedly the minors herein would be entitled to inherit as pretermitted heirs of Rachel Jane Phillips, for that statute provides that, under conditions such as here exist, the testatrix shall be deemed to die intestate not only as to the child or children not named or provided for in the will, but also as to the deceased child's or children's descendants who have not been named or provided for therein. Unfortunately for appellant, however, that section was expressly repealed by the 1917 probate code. See Laws of 1917, chapter 156, § 223, p. 707.

Resort to repealed and superseded statutes, *in pari materia,* may be had, and is of great importance, in

the construction of statutes which reenact, with certain changes, or repeal former statutes, or which contain revisions or codifications of earlier laws. *In re Eichler's Estate,* 102 Wash. 497, 173 Pac. 435; *Sandahl v. Department of Labor & Industries,* 170 Wash. 380, 16 P. (2d) 623; *Commonwealth v. Bralley,* 69 Mass. (3 Gray) 456; *Ogden City v. Boreman,* 20 Utah 98, 57 Pac. 843; *Reed v. Goldneck,* 112 Mo. App. 310, 86 S. W. 1104; *Hasely v. Ensley,* 40 Ind. App. 598, 82 N. E. 809; *Chicago, I. & L. R. Co. v. Downey,* 5 N. E. (2d) (Ind. App.) 656; *Baxter v. Davis,* 58 Ore. 109, 112 Pac. 410, 113 Pac. 438; Endlich on the Interpretation of Statutes, 64, § 51; Sutherland Statutory Construction (2d ed.), pp. 859, 860, § 452.

When it is considered that the legislature meticulously designated "descendants" throughout the entire Rem. & Bal. Code, § 1326, but left out that word in the effectual clause of the present statute, Rem. Rev. Stat., § 1402, although in the other two clauses of the latter section the word was retained, it must be taken that the legislature did so deliberately and to accomplish the very purpose that the change must naturally accomplish. From a material change in the wording of a statute, a change in legislative purpose must be presumed.

■ After all, it must be remembered that the right to dispose of one's property by will is not only a valuable right, but is one assured by law. *Points v. Nier,* 91 Wash. 20, 157 Pac. 44, Ann. Cas. 1918A, 1046; *In re Murphy's Estate,* 98 Wash. 548, 168 Pac. 175; *In re Little Joe's Estate,* 165 Wash. 628, 5 P. (2d) 995; *In re Larsen's Estate,* 191 Wash. 257, 71 P. (2d) 47. The right, moreover, is wholly a creature of statute. *Irwin v. Rogers,* 91 Wash. 284, 157 Pac. 690, L. R. A. 1916E, 1130.

Rem. Rev. Stat., § 1394 [P. C. § 10021], provides

that every person who shall have attained the age of majority, of sound mind, may by last will devise all his or her estate. The right thus created, being free and unlimited, is not to be defeated nor restricted unless clearly so required by some other statute.

The object of Rem. Rev. Stat., § 1402, and similar statutes is not to compel the testator to make any substantial provision for his children, but to provide a precautionary measure against the disinheritance of any such children through inadvertence of the testator at the time he makes his will. *Bower v. Bower,* 5 Wash. 225, 31 Pac. 598; *Gehlen v. Gehlen,* 77 Wash. 17, 137 Pac. 312; *In re Harper's Estate,* 168 Wash. 98, 10 P. (2d) 991, 15 P. (2d) 1119.

Our construction of Rem. Rev. Stat., § 1402, as applied to the facts of this case, is that the testatrix, having named Silas Ward Phillips in her will, is not to be deemed to have died intestate as to any of his children, even though he was deceased at the time of the death of the testatrix.

The judgment is affirmed.

BEALS, MILLARD, ROBINSON, and BLAKE, JJ., concur.