[No. 2052. Decided February 24, 1896.]

D. H. MULLEN, *Appellant*, v. C. E. SACKETT, *County Auditor, Respondent.*

COUNTIES — AMOUNT OF INDEBTEDNESS — HOW COMPUTED — UNPAID
TAXES AS ASSETS — JUDICIAL NOTICE.

A county auditor is not justified in refusing to issue a warrant for a duly audited and allowed claim against the county, if the cash on hand, together with the amount of uncollected taxes, when deducted from the total amount of indebtedness, will bring such indebtedness within the one and one-half per cent. limit of the assessed valuation of property in the county.

The court will take judicial notice of the fact that all of the taxes upon the assessment roll of a county are never collected until years after they are assessed.

Appeal from Superior Court, Chehalis County.—
Hon. MASON IRWIN, Judge. Reversed.

*Austin E. Griffiths,* for appellant.

*J. B. Bridges,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.— Plaintiff was the owner of certain allowed claims against the county of Chehalis, and

brought this proceeding to compel the auditor to issue warrants upon the county treasurer in his favor for their respective amounts.

The sufficiency of the petition was not challenged, and the facts therein alleged were admitted by the answer of respondent, and the only reason stated therein why he did not issue the warrants was that at the time the services were rendered, for which the claims had been allowed, the county was indebted in an amount in excess of one and one-half per cent. of the assessed valuation of the property therein as shown by the last assessment roll. The fact that the indebtedness exceeded that amount was alleged in the answer, but it is clear from statements made in connection with such allegations, that in estimating the amount of such indebtedness no deduction was made from the total on account of unpaid taxes for which the property against which they were assessed had not been sold to satisfy.

In *State, ex rel. Barton, v. Hopkins, ante*, p. 59, it was held that the amount of indebtedness within the meaning of the constitutional prohibition was the total amount of indebtedness less the amount of such unpaid taxes. It follows that the facts stated in the answer were not sufficient to justify the action of the auditor in refusing to issue the warrants, if there were any taxes remaining uncollected on any of the assessment rolls of the county. If there were such taxes remaining unpaid, it was the duty of the auditor to have shown the amount thereof, and that after such amount had been deducted from the total indebtedness the balance exceeded the one and one-half per cent.

The record is silent as to whether or not there were uncollected taxes upon any of the assessment rolls of

the county, and if the decision is to be founded upon the existence of such unpaid taxes it will be because it is the duty of this court to take judicial notice of such fact. We think it our duty so to do. The fact that all of the taxes upon the assessment roll of a county are never collected until years after they are assessed is matter of common knowledge in this state, and if it is a matter of common knowledge, it is the duty of the courts to take judicial notice thereof. That which all of the inhabitants of a state must be presumed to know should be taken notice of by the courts. Greenleaf, in his work upon Evidence, § 6, after stating at some length matters of which courts should take judicial notice, closes the discussion with the statement that, "In fine, courts will generally take notice of whatever ought to be generally known within the limits of their jurisdiction." And the rule as thus announced by this learned author so well accords with common sense that we feel justified in adopting it.

It follows that it must be presumed that there should have been deductions made from the total outstanding indebtedness on account of taxes due the county which had not been paid, and that for that reason it did not appear from the answer of the respondent that the county was indebted beyond its constitutional limit; and as that was the only ground upon which he sought to justify his action, his attempt so to do was insufficient.

The judgment will be reversed and the cause remanded with instructions to sustain the demurrer to the answer.

DUNBAR, ANDERS and SCOTT, JJ., concur.

GORDON, J., concurs in the result.