[No. 2897. Decided June 14, 1898.]

E. S. GRAHAM, *Appellant*, v. CITY OF SPOKANE *et al.*, *Respondents.*

MUNICIPAL CORPORATIONS — INDEBTEDNESS — HOW DETERMINED.

In computing the indebtedness of a city to ascertain whether it comes within the 1½ per cent. limitation of taxable property, permitted by art. 8, § 6 of the constitution, there should be deducted from the outstanding indebtedness the amount of cash on hand and the amount of uncollected current and delinquent taxes.

Where a city has incurred a bonded indebtedness by a vote of its people, under the constitutional provision allowing cities by popular vote to incur such indebtedness in excess of 1½ per cent. of its taxable property up to 5 per cent. thereof, such bonded indebtedness is not to be included in making computations of a city's indebtedness in order to ascertain whether it is in excess of the 1½ per cent. limitation.

Appeal from Superior Court, Spokane County.—Hon. WM. E. RICHARDSON, Judge. Affirmed.

*James Z. Moore,* for appellant.

*A. G. Avery,* and *R. E. Moody,* for respondents.

The opinion of the court was delivered by

ANDERS, J.—It is conceded in this case that there are outstanding warrants of the city of Spokane, which were drawn at various times on the different funds of the city, aggregating, with interest, the sum of $300,000, and that the city council, having determined to issue bonds for these outstanding warrants in the manner provided by law, duly passed an ordinance authorizing the sinking-fund commission of the city to enter into a contract with the firm of Morris & Whitehead, bankers, wherein and whereby the city was to agree to deliver the bonds to said Morris

& Whitehead in accordance with their bid and the terms of said ordinance. Subsequently to the approval of this ordinance by the mayor of the city, but before the contract authorized by the ordinance was executed, the plaintiff instituted this action to enjoin the sinking-fund commission from entering into the contract with Morris & Whitehead, and also to enjoin the city from issuing the bonds, upon the sole ground that the warrant indebtedness sought to be funded by the issuance of the bonds was in excess of the constitutional limit of the city's indebtedness, and therefore void. The defendants appeared and filed their answer, in which they denied all of the averments of the complaint which alleged that the indebtedness sought to be funded was void, or that it exceeded the constitutional limit, and set up, in substance, as affirmative defenses to plaintiff's complaint: (1) That the assets of the city, applicable to the payment of the warrants, consisting of cash on hand, the taxes assessed for city purposes during the year in which said warrants were issued, and the taxes due and unpaid for prior years, largely exceeded said warrant indebtedness, and that at no time when said warrants, or either of them, were issued, did the said indebtedness exceed the assets of the city; and (2) that the indebtedness mentioned and described in the complaint as existing bonded indebtedness was authorized to be incurred by the voters of the city at an election held for that purpose, at which election more than three-fifths of the voters voting thereat voted in favor of incurring said indebtedness, and that said electors authorized the issuance of bonds for the indebtedness so authorized, and that said bonds were not intended to include or constitute any part of the $1\frac{1}{2}$ per cent. of the taxable property of the city designated by § 6 of article 8 of the constitution as the limit of indebtedness. The plaintiff demurred to the affirmative matter set forth in the

answer, which demurrer was by the court overruled. The plaintiff refused to plead further, and the court thereupon gave judgment for defendants and dismissed the complaint, and plaintiff appealed to this court.

The only question presented for our determination is whether or not the facts stated in respondents' answer constitute a defense to this action. That they do has been repeatedly held by this court, after careful consideration of the subject. In *State ex rel. Barton v. Hopkins*, 14 Wash. 59 (44 Pac. 134, 550), substantially every phase of this case was presented, and determined in accordance with the ruling of the court below in this cause. And in *Mullen v. Sackett*, 14 Wash. 100 (44 Pac. 136), which was an action to compel the auditor of Chehalis county to issue warrants upon the county treasurer in favor of the plaintiff for the amount of certain allowed claims against the county, this court said:

" In *State ex rel. Barton v. Hopkins*, *ante*, p. 59, it was held that the amount of indebtedness, within the meaning of the constitutional prohibition, was the total amount of indebtedness, less the amount of such unpaid taxes. It follows that the facts stated in the answer were not sufficient to justify the action of the auditor in refusing to issue the warrants if there were any taxes remaining uncollected on any of the assessment rolls of the county. If there were such taxes remaining unpaid, it was the duty of the auditor to have shown the amount thereof, and that after such amount had been deducted from the total indebtedness the balance exceeded the one and one-half per cent."

These cases were approved and followed in *Rands v. Clarke County*, 15 Wash. 697 (46 Pac. 1119) and *Kelley v. Pierce County*, 15 Wash. 697 (46 Pac. 253). As we have before intimated, this case falls squarely within the rule announced in the cases above mentioned, and notwith-

standing the able argument of counsel for the appellant, in which he attempts to show that the rule therein laid down by this court is unsound and should be discarded, we are not disposed to adopt a different one at this time, and thus overturn that which has hitherto been considered the settled law of this state. The judgment of the court below is affirmed.

GORDON and DUNBAR, JJ., concur.

REAVIS, J.—I think the case of *State v. Hopkins, supra,* is determinate of the controversy involved here; and the rule has become settled by adherence to that decision, and contracts have been made with reference to the rule so established. The reasoning and conclusions in the case of *State v. Hopkins* do not, however, as a principle of original constitutional construction, meet my approval.