[No. 3274.  Decided June 3, 1899.]

THE STATE OF WASHINGTON, *on the Relation of Patrick H. Winston, Attorney General,* v. JOHN R. ROGERS, *Governor, and* NEAL CHEETHAM, *State Auditor.*

STATES—PUBLIC DEBT—ISSUE OF BONDS—INCREASE OF INDEBTEDNESS.

Under the act of March 8, 1899 (Laws 1899, p. 67), authorizing the issue of state bonds for sale to the permanent school fund, and making it the duty of the state treasurer, upon the investment in such bonds of the permanent school fund held by him in trust, to transfer at once from such fund to the state general fund the par value of the bonds, to be used at once in the redemption of outstanding general fund warrants, bonds thus issued against one fund and sold to another fund of the state, do not constitute an increase of indebtedness, within the prohibition of § 1, art. 8, of the constitution.

*Original Application for Injunction.*

*Thomas M. Vance,* for relator.

*James Wickersham,* for respondents.

The opinion of the court was delivered by

REAVIS, J.—This is an application to restrain the defendants, the governor and state auditor, from issuing a state bond for sale to the permanent school fund of the state under the act of the legislature providing for the investment of the permanent school fund in state bonds, approved March 8, 1899 (Laws 1899, p. 67).   The facts

shown are that at the commencement of the proceedings the state was indebted upon bonds issued in the sum of $225,000, and that on the 21st of April, 1899, the governor and auditor issued, in accordance with the provisions of the act of March 8, 1899, *supra,* bonds in the sum of $175,000, which were sold and transferred to the permanent school fund, and that the proceeds thereof were paid into the general fund of the state, and that the defendants were about to issue another bond under the above act, and to deliver it to the treasurer for money from the permanent school fund, and that the amount thereof, $5,000, would be transferred to the general fund in the treasury. It is also shown that at this time the state is in possession of, and has due and owing to it, cash on hand, uncollected taxes, and other assets greatly exceeding its entire indebtedness, including its bonded indebtedness, and that the permanent school fund now in the treasury which can be invested in bonds is the sum of $158,303.26.    By § 1 of the act above mentioned the governor and auditor are authorized, when there is money in the amount of $5,000 or more in the permanent school fund, and there shall be an outstanding general fund indebtedness in the same amount or more, to issue bonds of the state in the sum of $5,000 each, and sell and deliver such bonds to the state treasurer for the account of the state permanent school fund at the face or par value thereof; and by § 4 it is made the duty of the treasurer, when such bonds are executed and presented to him, to invest the state permanent school fund in such bonds to the amount of the face or par value thereof at par, and receipt to the state auditor therefor, and at once transfer from the state permanent school fund to the state general fund money to the amount of the face or par value of such bonds so delivered to him; and the money so transferred to the general fund shall be at once used in the redemption of outstanding general fund war-

rants.    Section 1, art. 8, of the state constitution is as follows:

" The state may, to meet casual deficits or failure in revenues, or for expenses not provided for, contract debts, but such debts, direct and contingent, singly or in the aggregate, shall not at any time exceed four hundred thousand dollars ($400,000), and the moneys arising from the loans creating such debts shall be applied to the purpose for which they were obtained, or to repay the debts so contracted, and to no other purpose whatever."

Section 5, art. 16, of the constitution specifies that the permanent school fund may be invested in national, state, county or municipal bonds.

1.    No question is made upon the investment of the permanent school fund in the bonds of the state.    They are the class of securities authorized for its investment by the constitution.    This fund has been created by the constitution, and can be used for no other purpose than the maintenance of common schools, and the interest is devoted to that purpose.    The principal is irreducible.    The question for determination here is whether the state exceeds the debt limit in the issuance of the bond in question. Relator contends that the indebtedness of the state is increased by the issuance of the bond.    It must be borne in mind that the permanent school fund is held in the state treasury in trust for the purposes created by the constitution, and that it is made the duty of the treasurer, upon the investment of this fund in the bond, to transfer at once from such fund to the state general fund the par value of the bond, and the amount so transferred to the general fund shall be used at once in the redemption of outstanding general fund warrants.    Section 6 of the same article (8) of the constitution limits municipal indebtedness, and should receive the same construction as § 1 relative to state indebtedness.    Section 6 has been the subject

of construction in this court several times.    In *State ex rel. Barton v. Hopkins,* 14 Wash. 59 (44 Pac. 134, 550), it was determined that taxes due and cash in the treasury must be subtracted from the outstanding indebtedness to determine the debt limitation of a county; and again the same construction was affirmed in *Graham v. Spokane,* 19 Wash. 447 (53 Pac. 714), and was also approved in *Rands v. Clarke County,* 15 Wash. 697 (46 Pac. 1119), and *Kelley v. Pierce County,* 15 Wash. 697 (46 Pac. 253). In consonance with these decisions, it is not necessary to go further now than to state the proposition that when the bond in the sum of $5,000 is delivered to the state treasurer the sum of $5,000 is placed in the general fund of the state.    Thus there is no increase of the indebtedness of the state, or of its liability, when this view is adopted.

2.    The foregoing conclusions may be distinguished from those arrived at by the court in *State ex rel. Jones v. McGraw,* 12 Wash. 541 (41 Pac. 893).    In that case the act of the legislature of March 22, 1895 (Laws 1895, p. 462), was construed.    By § 1 of the act a loan and interest fund was created in the state treasury and a board of finance constituted.    To this board, by § 2 of the act, was given authority to fund the outstanding warrants of the general, military and tide land funds of the state by the issuance of bonds payable solely out of the fund created. The board of finance was directed to issue bonds and offer the same for sale after published notice.    The court, following the authority of *Doon Township v. Cummins,* 142 U. S. 366 (12 Sup. Ct. 220), determined that the issuance and sale of bonds under the act in question by the finance board increased the indebtedness of the state beyond the constitutional limitation at that time.    The case before the supreme court of the United States arose upon the construction of an Iowa statute, as follows:

14—21 WASH.

" The treasurer of such district is hereby authorized to sell the bonds provided for in this act at not less than their par value, and apply the proceeds thereof to the payment of the outstanding bonded indebtedness of the district, or he may exchange such bonds for outstanding bonds par for par."

And the court there observed:

" There is a wide difference in the two alternatives which this statute undertakes to authorize.     The second alternative, of exchanging bonds issued under the statute for outstanding bonds, by which the new bonds, as soon as issued to the holders of the old ones, would be a substitute for and an extinguishment of them, so that the aggregate outstanding indebtedness of the corporation would not be increased, might be consistent with the constitution.     But under the first alternative, by which the treasurer is authorized to sell the new bonds, and to apply the proceeds of the sale to the payment of the outstanding ones, it is evident that, if new bonds are issued without a cancellation or surrender of the old ones, the aggregate debt outstanding, and on which the corporation is liable to be sued, is at once and necessarily increased, and, if new bonds, equal in amount to the old ones, are so issued at one time, is doubled; and that it will remain at the increased amount until the proceeds of the new bonds are applied to the payment of the old ones, or until some of the obligations are otherwise discharged.     .     .     .     It would be inconsistent alike with the words and with the object of the constitutional provision, framed to protect municipal corporations from being loaded with debt beyond a certain limit, to make their liability to be charged with debts contracted beyond that limit depend solely upon the discretion or the honesty of their officers."

And the other case referred to in the opinion of the court—*Bannock Co. v. C. Bunting & Co.,* (Idaho) 37 Pac. 277—follows the same course of reasoning.     But the argument upon which the conclusion is based in *State ex rel. Jones v. McGraw, supra,* is not applicable to the case at

bar. There is no interval here between the delivery of the bond and the placing of the money in the general fund of the treasury; the acts are simultaneous. The money is already in the treasury, and is merely transferred from one fund to another, and there is nothing conditioned upon the discretion or honesty of the officers. It may be further observed that the indebtedness inhibited in art. 8, *supra*, of the constitution does not relate specifically to the form, whether bonds or warrants, but that the term "debt" is used in its ordinary signification. And under the provisions of the act of March 8, 1899, *supra*, when the money placed in the general fund is paid out in cancellation of general fund warrants there is yet no increase of debt.

We conclude that the issuance of the bond is valid, and the writ is therefore denied.

GORDON, C. J., and DUNBAR, FULLERTON and ANDERS, JJ., concur.