[No. 4319.    Decided January 5, 1903.]

R. S. GLADWIN, *Respondent,* v. A. L. AMES, *as City Treas-urer, et al., Appellants.*

MUNICIPAL CORPORATIONS — LIMIT OF INDEBTEDNESS — NECESSARY EXPENSES.

Warrants issued by a city in excess of its constitutional limit of indebtedness are valid on the score of necessity for the perpetuation of its corporate existence, when such warrants were issued to cover the expenses of constructing a jail, boarding prisoners, feeding impounded stock, guarding quarantine patients, publishing notice of election, printing ballots, insurance on city buildings, services in making assessment rolls, city printing, postage and stationery for city officers, and necessary expenses of the city clerk.

Appeal from Superior Court, Spokane County.—Hon. GEORGE W. BELT, Judge. Affirmed.

*Robertson, Miller & Rosenhaupt,* for appellants.

*Danson & Huneke,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The statement of this case is found in 26 Wash. 272 (66 Pac. 391). The question at issue was the legality of certain warrants issued by the town of Cheney; the record showing that at the time of the issue of the warrants the municipality exceeded the limit of its indebtedness under the constitutional limitation of one and one-half per centum, and that no election had been held to validate any of the indebtedness. It was decided in that case that the rule announced by this court in *Rauch v. Chapman,* 16 Wash. 568 (48 Pac. 253, 36 L. R. A. 407, 58 Am. St. Rep. 52), in relation to the validity of warrants for necessary expenses in a county, applied to municipal corporations such as the town of Cheney. It was also decided

that warrants for the services of policemen, marshals, and
treasurers come within the requirement of necessities. But
it was found that the findings of fact of the court were not
specific as to the purposes for which all the warrants in
controversy were issued, and the case was remanded, with
instructions to the superior court to find the nature of all
obligations for which the warrants in suit were issued,
and directed that those issued for necessary expenses in
maintaining the existence of the municipality be adjudged
valid. In obedience to this mandate, the court has made
findings and adjudged the validity of certain warrants,
from which judgment this appeal is prosecuted.

The warrants described in subdivisions "b," "e," "f,"
"g," "j" and "k" of the findings to which exceptions were
taken by appellants, were issued for labor and material
furnished in the building of a city jail. It seems too plain
for argument that, considering the well-authenticated and
well-known history of crime, it is absolutely necessary
for the protection, and therefore for the existence of the
city, that some provision should be made for the compul-
sory detention of criminals. Subdivision "m" refers to the
warrant issued for guarding quarantine patients. Sure-
ly the protection of the health of the citizen from conta-
gion is an imperative duty of the city, and in the perform-
ance of this duty it must necessarily incur expenses. The
warrant falling under subdivision "n" was for publishing
notice and printing ballots. A city organization, under
our form of government and under the charter provisions
of this city, cannot be maintained without elections, and
the law governing elections and insuring their efficacy can-
not be enforced without expense. The impounding stock
may very well be recognized as a necessity in all well regu-
lated cities of the present day. It is not only conducive
to cleanliness and the preservation of property, but to the

actual safety of the inhabitants. The feeding of impounded stock necessarily follows their impounding, and a warrant for such services was the payment of a necessary expense. What we have said above applies to warrants issued in payment for boarding city prisoners. It is the duty of the city to imprison its criminals. It follows that it must furnish subsistence for them during the period of their detention. Insurance on city buildings is a well recognized method of protection. Warrants representing services in making assessment rolls, the furnishing of officers with postage stamps and stationery, warrants for city printing and for the necessary expenses of the city clerk, are all for necessary expenses in the management of the city. The business of the city has to be transacted, and it is necessary, to insure an orderly transaction of such business, that much material in the way of furnishings be obtained, and much time and labor expended in transacting such business. It is not believed that philanthropy or patriotism can be depended upon to supply, without cost, for any great length of time, either the services or the material necessary to the transaction of the business of the city; and the payment of such expenses is therefore necessary for the perpetuation of its corporate existence. The warrants in question all seem to be valid, under the rule announced in *Rauch v. Chapman, supra.*

The judgment is affirmed.

REAVIS, C. J., and FULLERTON, MOUNT and ANDERS, JJ., concur.