[No. 6248. Decided July 28, 1906.]

THE STATE OF WASHINGTON, *on the Relation of John D. Atkinson, Attorney General, Respondent,* v. E. W. Ross *et al., Appellants.*[1]

COUNTIES—INDEBTEDNESS—BONDS—POWER TO ISSUE. Bonds issued by a county for the purpose of taking up and cancelling its outstanding indebtedness constitute an increase of the indebtedness, and not merely a change in its form; since the debt is necessarily increased while the exchange is being made, and its permanency depends upon the fidelity of the officers in making proper application of the funds.

COURTS—DECISIONS AS PRECEDENTS. The rule of *stare decisis* ought not to be departed from unless grave necessity exists therefor.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered April 18, 1906, in favor of the plaintiff, after a hearing on the merits, enjoining the purchase of bonds by the board of state land commissioners. Affirmed.

*J. W. Hartnett* for appellants.

*The Attorney General* and *A. J. Falknor, Assistant,* for respondent.

FULLERTON, J.—School district number 93 of Snohomish county issued bonds in the sum of $1,500 for the purpose, as

[1] Reported in 86 Pac. 575.

expressed in the original resolution authorizing their issuance, of paying "warrants issued for building and furnishing a school house for said district and other expenses in connection therewith." These bonds were tendered the state as an investment for the permanent school fund, and were accepted as such by the board having authority to invest that fund. Before the transfer could be completed, the Attorney General, on his own relation, instituted this proceeding to restrain the board from proceeding further in the matter, on the ground that the bond issue was illegal. In his petition the Attorney General recites that the school district, at the time the bonds were issued, had an existing indebtedness equal to the amount of the bonds, and that by issuing the bonds it had increased its indebtedness to such an extent that the same exceeded the amount it could lawfully become indebted, under the constitutional limitation, by more than seven hundred dollars; that the bonds issued were for that reason illegal and void, and not bonds of the character in which the board of state land commissioners could lawfully invest the permanent school fund. The trial court sustained the contention of the Attorney General, and this appeal is taken from the judgment entered prohibiting the purchase of the bonds.

The attorney for the appellants contends that, inasmuch as the resolution of the board of directors of the school district shows that the purpose of the district in issuing the bonds was to use the money derived from their sale in taking up and cancelling its outstanding warrant indebtedness, the indebtedness of the district is not thereby increased, since the bonds were intended merely to change the form of the indebtedness, the chief purpose being to reduce the rate of interest. He frankly concedes that his position is directly contrary to that taken by this court in the case, *State ex rel. Jones v. McGraw*, 12 Wash. 541, 41 Pac. 893, but he argues that that case is opposed not only to the great weight of authority but to the better reason as well, and should be overruled.

The case cited holds that bonds issued under circumstances such as were had in this case are invalid, on the principle that the debt is necessarily increased while the exchange is being made, and whether or not it is permanently so depends on the application that is made of the money received from the sale of the bonds; if it is applied to extinguish the outstanding obligations, the debt is not permanently increased, while if it is applied to current expenses, or in some manner as not to decrease these outstanding obligations, the debt is so increased; and

"That it would be inconsistent alike with the words and with the object of the constitutional provision, framed to protect municipal corporations from being loaded with debt beyond a certain limit, to make their liability to be charged with debts beyond that limit depend solely upon the discretion or the honesty of their officers."

But while this may be a somewhat technical view of the matter, and may be opposed to the weight of authority upon the question, we think the reason given for the decision sufficiently substantial to warrant us in adhering to it. The case was decided more than ten years ago, and has been recognized ever since as the rule of law governing in like cases. *Duryee v. Friars,* 18 Wash. 55, 50 Pac. 583; *State ex rel. Winston v. Rogers,* 21 Wash. 206, 57 Pac. 801.

*Stare decisis* is the policy of the courts. On the adherence to its principle rests the decisions of the courts as authority. The rule is a salutary one, and ought not to be departed from unless grave necessity exists therefor. In this case we think the greater harm would flow from a change in the rule than in an adherence to it.

The judgment is affirmed.

MOUNT, C. J., HADLEY, DUNBAR, and CROW, JJ., concur.