[No. 24299. Department One. December 5, 1932.]

A. H. DENMAN, *Appellant*, v. THE CITY OF TACOMA
et al., *Respondents.*[1]

*John M. Coffee,* for appellant.

*W. W. Mount, John E. Gallagher,* and *Bartlett Rummel,* for respondents.

*The Attorney General* and *E. W. Anderson, Assistant, Amici Curiae.*

BLAKE, J.—This action was brought to enjoin the defendants from issuing and selling bonds of the city of Tacoma in the amount of $135,000. A demurrer to the complaint was sustained. The plaintiff elected to stand on his complaint, whereupon a judgment of dismissal was entered, from which he appeals.

[1]Reported in 16 P. (2d) 596.

It appears from the record that the estimated expense for maintenance and operation of the city government, for 1932, was $1,753,092.70. To meet this, a tax lavy of $860,689.27 was made in 1931. The balance was anticipated from income from miscellaneous sources, such as licenses, permits, franchises, fines and penalties, estimated at $880,023.98, and from unpaid taxes of prior years.

On October 31, 1932, there had been realized, on account of taxes due this year, $271,591.25; on account of taxes due in prior years, $187,591.25; and from the miscellaneous sources, $471,427.40. Confronted with this deficiency in income to meet necessary maintenance and operating charges, the city council passed ordinance No. 10861, authorizing the issuance by the city of its general obligation bonds in the amount of $135,000, "strictly for the purpose of providing funds for necessary maintenance and operating costs of the city government."

The sole question, raised by the complaint and presented for determination, is whether this is a "corporate purpose" under the provisions of Rem. Comp. Stat., § 8966, subd. 4, the pertinent portion of which provides:

"Any such city shall have power—

. . . . . . . . . . .

"(4). To borrow money for corporate purposes on the credit of the corporation, and to issue negotiable bonds therefor . . ."

■ Corporate purposes have been defined to be such purposes as are germane to the objects of the welfare of the municipality, or at least have a legitimate connection with those objects and a manifest relation thereto. *Stone v. Chicago,* 207 Ill. 492, 69 N. E. 970. And a tax for a corporate purpose is one to be ex-

pended to promote the general prosperity and welfare of the municipality which levies it. *Taylor v. Thompson,* 42 Ill. 9; *Hackett v. Ottawa,* 99 U. S. 86.

It would hardly be contended that the taxes levied in 1931 to meet the charges here involved, were not for corporate purposes. Municipalities can levy taxes for corporate purposes only. Const. Art. XI, § 12; Art. VII, § 9. *State ex rel. Thompson v. Burch,* 119 Wash. 1, 204 Pac. 785.

When tax revenues fail, the usual method of meeting current maintenance and operating charges is by the issuance of warrants. During the month of November, that method was adopted to meet the present emergency. That method of financing, however, is admittedly more expensive than by the issuance of bonds, in that the interest rate to the city is higher and in that payees of warrants are frequently subjected to loss, in the way of discount, if they desire to realize cash on them before the city is able to pay.

Warrants for such obligations have received the sanction of this court in numerous cases. It has upheld the validity of warrants to pay salaries of officers and employees, *Hull v. Ames,* 26 Wash. 272, 66 Pac. 391, 90 Am. St. 743; *Pilling v. Everett,* 67 Wash. 109, 120 Pac. 873; to pay for labor and material for the construction of a courthouse, *Farquharson v. Yeargin,* 24 Wash. 549, 64 Pac. 717, and a jail, *Gladwin v. Ames,* 30 Wash. 608, 71 Pac. 189; and to pay for the care of patients in quarantine and the impounding of stock, *Id.*

If maintenance and operating charges are corporate purposes for which taxes may be levied and warrants issued, then they must be corporate purposes for meeting which the city is empowered to "borrow money . . . upon the credit of the corporation and issue negotiable bonds therefor." We fail to see how the

method of defraying such charges can change their character.

The judgment is affirmed.

TOLMAN, C. J., MILLARD, MITCHELL, and HOLCOMB, JJ., concur.