[No. 24329. Department One. December 20, 1932.]

H. F. TABB, *Individually and as Treasurer of the City of Spokane, Appellant,* v. LEONARD FUNK *et al., Respondents.*[1]

[1]Reported in 17 P. (2d) 18.

*J. M. Geraghty* and *Alex M. Winston,* for appellant.
*Graves, Kizer & Graves,* for respondents.

BLAKE, J.—This is an action to enjoin the issuance by the defendants, as city commissioners and officers of the city of Spokane, of four hundred thousand dollars general obligation bonds. From a judgment dismissing the action and adjudicating the validity of the bonds, plaintiff appeals.

In 1907, by a vote of the electorate, the city was authorized to issue general obligation bonds for the purpose of repairing and building bridges. The bonds issued pursuant to that authority fall due January 1, 1933. The proposed bonds here in question are designed for the purpose of refunding the bonds of 1907. These proposed bonds, however, do not have the sanction of the electorate. The authority for them rests solely in ordinance No. C5165, passed by the city council October 17, 1932.

The validity of these bonds is attacked on two grounds: (1) That the tax, provided for in the ordinance to retire them, will necessitate an annual levy of taxes by the city (when added to the amount necessary for other purposes) in excess of fifteen mills, in violation of initiative measure No. 64; (2) that they will carry the city's indebtedness beyond the limit fixed by article VIII, § 6, of the constitution.

Initiative measure No. 64, so far as it affects the question raised, provides:

"Except as hereinafter provided, the aggregate of all tax levies upon real and personal property by the state, county, school district and city or town, shall not in any year exceed forty mills on the dollar of assessed valuation, which assessed valuation shall be fifty per

cent of the true and fair value of any such property in money, and the levy by the state shall not exceed five mills, the levy by any county shall not exceed ten mills, including the levy for the county school fund, the levy by or for any school district shall not exceed ten mills, and the levy by any city or town shall not exceed fifteen mills; . . . *Provided, further,* That the limitations imposed by this section shall not prevent the levy of additional taxes to pay interest or principal on bonds issued by or thru the agency of the state, or any county, city, town or school district, nor the levy of additional taxes to pay interest on, or toward the reduction at the rate provided by statute, of the principal of county, city, town or school district warrants outstanding at the time of the taking effect of this act . . ."

It is contended that the words, "outstanding at the time of the taking effect of this act," at the end of the proviso, relate back to the first clause of the proviso and limit the power to make the additional levy only as to such bonds as were outstanding at the time the act took effect.

We do not think the act is subject to such construction, either grammatically or legally. Had it been the intention to limit the additional levy to outstanding bonds as well as warrants, it could have been expressed in half the words by inserting the words "and warrants," after the word "bonds." The proviso consists of two clauses, dealing with different subjects and separated by the disjunctive "nor." In 2 Lewis' Sutherland, Statutory Construction (2d ed.), § 420, it is said:

"Relative and qualifying words and phrases, grammatically and legally, where no contrary intention appears, refer solely to the last antecedent."

We do not see how the power to make the additional levy for bonds could have been more clearly distinguished from the power to make it for warrants than by the language used, unless, perhaps, the words "pro-

vided further" had been substituted for the word "nor."

Furthermore, provisos are always strictly construed. They derive nothing by implication. *Sackman v. Thomas*, 24 Wash. 660, 64 Pac. 819; *Tsutakawa v. Kumamoto*, 53 Wash. 231, 101 Pac. 869, 102 Pac. 766. In the former case, it is said:

". . . a proviso carves special exceptions only out of the enacting clause, and those who set up any such exception must establish it as being within the words, as well as within the reason, thereof."

The contention here made is neither within the words nor the reason of the proviso.

It is further contended that this bond issue will carry the city beyond the limit of indebtedness fixed by Art. VIII, § 6, of the constitution, the pertinent provisions of which are as follows:

"No county, city, town, school district, or other municipal corporation shall for any purpose become indebted in any manner to an amount exceeding one and one-half per centum of the taxable property in such county, city, town, school district, or other municipal corporation, without the assent of three-fifths of the voters therein voting at an election to be held for that purpose, nor in cases requiring such assent shall the total indebtedness at any time exceed five per centum on the value of the taxable property therein, to be ascertained by the last assessment for state and county purposes previous to the incurring of such indebtedness, except that in incorporated cities the assessment shall be taken from the last assessment for city purposes: . . ."

The assessed valuation of taxable property in the city is $71,674,291, one and one-half per cent of which is $1,075,114. There are outstanding general obligation bonds, *not* authorized by vote of the electorate, in the amount of $1,080,000. There are outstanding general obligation bonds, authorized by vote of the

·electorate, in the amount of $1,862,000, making the total indebtedness of the city $2,942,600.

It is clear that this proposed bond issue will not take the city's total indebtedness beyond the five per cent limit. It is equally clear that it will take the city's indebtedness beyond the one and one-half per cent limit, unless the city has existing assets which may be offset against the indebtedness in the one and one-half per cent class. The present issue comes within that class, since it was not authorized by a vote of the electorate, notwithstanding it is designed to refund bonds which were so authorized.

The trial court made, among others, the following findings:

"The city of Spokane has outstanding and uncollected general taxes levied for the years 1929, 1930 and 1931 in the sum of $248,649, segregated as follows, to-wit:

```
For the year 1929..................$ 42,989
    General Fund ........19.15 mills          $ 37,850
    Bond Interest Fund.... 1.60 mills            3,162
    General Sinking Fund.. 1.00 mill             1,977

For the year 1930..................  31,429
    General Fund ........20.20 mills           27,960
    Bond Interest Fund.... 1.50 mills            2,084
    General Sinking Fund.. 1.00 mill             1,385

For the year 1931..................  174,231
    General Fund ........18.60 mills          152,140
    Bond Interest Fund.... 1.70 mills           13,910
    General Sinking Fund.. 1.00 mill            8,181

Recapitulation:
    General Fund.........$217,950
    Bond Interest Fund....  19,156
    General Sinking Fund..  11,543    $248,649
```

"The city of Spokane has on hand in marketable securities and cash in the general sinking fund the sum of $31,575, which sum is applicable to the payment of the general bonds of the city of Spokane. It further has on hand in the water sinking fund marketable securities and cash in the sum of $255,396, which sums are applicable to the payment of the general water

works improvement bonds of the city of Spokane. The said city of Spokane has uncollected current taxes levied October, 1932, and allocated to the general sinking fund in the sum of $21,800.''

If, in computing the city's indebtedness, all of the items, set out in the findings, are deducted from the present indebtedness in the one and one-half per cent class, this bond issue will not take such indebtedness beyond that limit. Under the rule adopted in *State ex rel. Barton v. Hopkins,* 14 Wash. 59, 44 Pac. 134, 550, all these items were deductible. The rule there stated is that uncollected current and delinquent taxes may be considered as cash assets in computing the indebtedness of a municipality and the amount thereof, together with cash on hand, may be deducted from the outstanding present indebtedness. The amount remaining after such deduction is the amount of the municipal indebtedness in contemplation of the constitutional limitation.

But the rule of the *Barton* case has been modified by chapter 123, Laws of 1921, p. 400 (Rem. Comp. Stat., § 5606), which provides:

''Whenever it shall be necessary to compute the indebtedness of a taxing district for bonding or any other indebtedness purposes, taxes levied for the current year and cash on hand received for the purpose of carrying on the business of such taxing district for such current year shall be considered as an asset only as against indebtedness incurred during such current year which is payable from such taxes or cash on hand: *Provided, however,* That all taxes levied for the payment of bonds, warrants or other public debts of such taxing district, shall be deemed a competent and sufficient asset of the taxing district to be considered in calculating the constitutional debt limit or the debt limit prescribed by this act for any taxing district: *Provided,* That the provisions of this section shall not apply in computing the debt limit of a taxing district in connection with bonds authorized pursuant to a

vote of the electors at an election called prior to March 1, 1917.''

As we construe this statute, ''current year'' refers to the year in which the necessity for the computation arises. In this instance, it is the year 1932. The taxes for the ''current year,'' however, were levied in 1931. So taxes levied in 1931 ''for the purpose of carrying on the business of the city, during the current year,'' cannot be deducted in making the computation. Nor can any cash on hand for that purpose be deducted. But under the first proviso, the amount of taxes levied ''for the payment of bonds, warrants and other public debts'' may be deducted as an asset.

Now, considering the items set out in the findings, we conclude that the only one that is not deductible is that of $152,140, being the levy for the general fund made in 1931 for the ''current year.'' Excluding this from the deductible assets, we find that the present bond issue will not increase the city's indebtedness beyond the one and one-half per cent limit fixed by Art. VIII, § 6, of the constitution.

The judgment is affirmed. The clerk is directed to send down the remittitur forthwith.

TOLMAN, C. J., HOLCOMB, MITCHELL, and MILLARD, JJ., concur.