[No. 24436. Department One. March 8, 1933.]

H. F. TABB, *Individually, and as Treasurer of the City of Spokane, Appellant,* v. LEONARD FUNK *et al., Respondents.*[1]

*Alex M. Winston* and *G. M. Ferris,* for appellant.

*Graves, Kizer & Graves,* for respondents.

HOLCOMB, J.—This action was instituted to enjoin the issuance by respondents, as city commissioners and officials of Spokane, of one hundred thousand dollars in refunding bonds authorized by the city commissioners under certain ordinances. This is an appeal from a judgment adjudging the validity of the bonds and dismissing the action. The invalidity of the bonds is declared upon nine grounds:

(1) That the purpose of the issue of the bonds in question as set forth in ordinance No. C5164 is indefinite, in that the ordinance does not clearly set forth

[1]Reported in 19 P. (2d) 668.

whether the bonds are to fund the warrants that are mentioned or are to be used for the purpose of reimbursing funds from which money was taken to pay the warrants.

(2) That, if funding bonds are to be issued for the purpose of funding the warrants referred to in ordinance No. C5164, that purpose has failed, and bonds cannot lawfully now be issued for that purpose, since the warrants have already been paid.

(3) That, if the purpose of funding the bonds is the reimbursement of funds from which money has been taken to pay the warrants, the funding bonds are invalid because no statutory authority exists for the issuance of funding bonds to reimburse such funds.

(4) That the warrants, when issued, constitute an indebtedness of the city greater than the city was authorized by law and the constitution of the state of Washington to incur, in that, together with other outstanding indebtedness of the city at that time, the warrants increased the indebtedness of the city to more than $1\frac{1}{2}\%$ of the assessed valuation of the city last made for tax purposes, and in that the warrants were not authorized by the requisite vote of the electorate, as provided by the laws and the constitution of the state of Washington.

(5) That the warrants were issued without statutory authority therefor.

(6) That the warrants were not issued for proper corporate purposes.

(7) That the warrants do not conform to law as to the manner of the issuance nor as to their form.

(8) That such warrants were issued in excess of the budget appropriations for the year in which the same were issued, and were not issued for emergency purposes which could not have been reasonably foreseen at the time of making the budget.

(9)   That the bonds, if sold and delivered, will constitute a debt of the city greater than authorized by law and the constitution of the state of Washington to incur, in that, together with other outstanding indebtedness of the city at that time, such bonds will increase the indebtedness to more than $1\frac{1}{2}\%$ of the assessed valuation of the city last made for tax purposes, and in that the bonds were not authorized by the requisite vote of the electorate, as provided by the laws and the constitution of the state of Washington.

Upon issue being joined by answer and a trial had to the court, the trial court, among others, made findings to the effect that, on October 17, 1932, the city commissioners at a regular meeting duly passed ordinance No. C5164 entitled:

"An ordinance providing for the issue and sale of general obligation bonds of the City of Spokane in the sum of $100,000, the proceeds thereof to be used for funding certain emergency appropriations, and warrants issued therefor; providing for the payment of principal and interest of such bonds; and declaring an emergency."

That a true copy of the ordinance is attached to the complaint as an exhibit and made a part thereof.

That, pursuant to such ordinance, respondents caused to be published a notice of sale of bonds, a copy of which notice is attached to the complaint as an exhibit and made a part thereof; that, on December 6, 1932, respondents opened the bids submitted for the issuance of the bonds and awarded the same to a certain syndicate, and will deliver the bonds to the bidders, and will apply the proceeds derived therefrom to the purposes set forth in the ordinance. The court further found that certain emergencies existed in 1931, by reason of which ordinances were enacted by the city commissioners for the relief of unemployment

in the city, which emergency continued until 1932, when it was necessary to enact emergency ordinances for such relief on February 15, April 11, May 23, June 27, August 22, August 29, and October 3, 1932. That all of such ordinances were necessitated by a great emergency for unemployment relief, and were each and all regularly prepared and enacted by the city commissioners pursuant to the requirements of the charter of the city and the statutes of Washington.

The court found that, at the time of the passage of all the ordinances mentioned, there existed a grave public emergency which could not reasonably have been foreseen at the time of making the city budget for the years 1931 and 1932, which public emergency required the expenditure of the moneys appropriated by such ordinances; that the warrants issued pursuant to such ordinances were duly and regularly issued by virtue of the pertinent requirements of the statutes of Washington and the charter of the city, and from and after their issuance became valid, legal and binding obligations of the city; that they were all issued pursuant to such ordinances as emergency warrants and drawn upon the general fund of the city.

In accordance with the foregoing findings, the court entered conclusions of law in favor of respondents, among other things, to the effect that the bonds proposed to be issued by the city as general bonds of 1933, Series "A", in the aggregate sum of one hundred thousand dollars, dated January 1, 1933, are legal and binding obligations of the city and in all respects in accordance with law; that the indebtedness incurred by the warrants which had been issued is within the $1\frac{1}{2}\%$ debt limit of the city, and that the issuance of the funds to fund such indebtedness will not increase the indebtedness of the city beyond the $1\frac{1}{2}\%$ debt limit.

■ The governing statutes are Rem. Rev. Stat., §§ 9000-1 to 9000-11 inclusive, comprising the budget law for cities of less than three hundred thousand inhabitants. Section 9000-6, *supra,* regulates the appropriation and expenditure of moneys by such municipalities when a public emergency, other than those thereinafter described and which could not reasonably have been foreseen at the time of making the budget, shall require the expenditure of money not provided for in the budget. Among other things, that subdivision prescribes:

"All emergency expenditures shall be paid for by the issuance of emergency warrants. Emergency warrants shall be paid from any moneys on hand in the city or town treasury in the fund properly chargeable with such expenditure, and such city or town treasurer is hereby authorized and directed to pay such warrants out of any such moneys. If at any time there shall be insufficient money on hand to pay any emergency warrant, such warrant shall be registered, bear interest and be called in the same manner as other city or town warrants.

"The auditor shall include in the annual budget to be submitted to the city or town council or mayor the total amount of the emergency warrants issued during the preceding fiscal year; and at the time the final budget is adopted such city or town council shall include in their tax levies a levy sufficient to reimburse the fund or funds out of which said emergency warrants were paid: Provided, that any or all of such warrants may be funded into bonds in any manner authorized by law if deemed advisable."

Ordinance No. C5164, in its preamble, recites that, during the years 1931 and 1932, the city council had passed ordinances making emergency appropriations for various public works and for furnishing unemployment relief; that emergency warrants authorized by the ordinances making such several emergency ap-

propriations aggregate in amount over one hundred thousand dollars, and have been temporarily funded by advances from other funds of the city appropriated for specific uses; and that the city council has in its budget ordinance for the year 1933 provided for the permanent funding of such emergency appropriations and warrants by the issue of general obligation bonds of the city in the sum of one hundred thousand dollars.

In the absence of a showing that the municipal authorities acted arbitrarily or capriciously in their appropriations and expenditures in the years 1931 and 1932, it must be presumed that they were actually justified by the conditions existing and were lawful.

"Whether the commissioners in 1930 and 1931, when they prepared the budgets for those respective years, should have reasonably foreseen that there would be a greater demand upon the indigent relief fund than was provided for in the budget, presents a question of fact which involves an element of discretion, and, where the board has found the fact and the trial court has affirmed the finding, this court will not disturb such finding, unless the evidence clearly preponderates against it, or it appears that the board acted arbitrarily or capriciously. *State ex rel. Porter v. Superior Court,* 145 Wash. 551, 261 Pac. 90; *Rummens v. Evans,* 168 Wash. 527, 13 P. (2d) 26." *Kruesel v. Collin,* 170 Wash. 233, 16 P. (2d) 442.

There is in this case no evidence whatever that tended to show that the city commission acted arbitrarily or capriciously, and therefore no evidence which will preponderate against the findings of the trial court. *Denman v. Tacoma,* 170 Wash. 406, 16 P. (2d) 596.

The findings of the trial court also sustain the validity of the expenditures by the warrants as not being in excess of the 1½% limit of indebtedness of the city. Moreover, if made in good faith and not ar-

bitrarily or capriciously, such emergency expenditures will be justified by our decisions in the *Porter, Rummens* and *Kruesel* cases, *supra.*

The statutory authority of the city under §§ 9000-1 *et seq., supra,* is clearly given, and the provisions of § 9000-6, *supra,* were precisely followed.

Hence, it must be decided that the first six and the eighth and ninth grounds of attack upon the validity of the bonds in question are untenable. See, also, *Tabb v. Funk,* 170 Wash. 545, 17 P. (2d) 18.

As to the seventh ground, that the warrants do not conform to the law in the manner of their issuance nor as to their form, no argument is advanced here in what respect they fail to conform to law in form and manner of issuance, and we can see nothing objectionable in them. Both the city commission and the trial court found that they had been necessarily issued because of emergencies existing at the times. It is to be presumed that their form was in compliance with law unless the contrary is shown, which is not.

We conclude that the findings and judgment of the trial court adjudging the bonds issued, valid, are correct.

Affirmed.

BEALS, C. J., PARKER, MITCHELL, and MILLARD, JJ., concur.