[No. 25746. Department Two. December 9, 1935.]

MARKO BOTICA, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *J. A. Kavaney, Assistant,* for appellant.

*Arthur M. Harris* and *Stanbery Foster,* for respondent.

MAIN, J.—This is an appeal by the department of labor and industries from a judgment of the superior court ordering the director of the department to exercise his discretion as to whether, upon his own motion,

[1]Reported in 52 P. (2d) 332.

he will readjust the compensation previously allowed to Marko Botica, an injured workman.

June 4, 1927, Botica, while engaged in an extrahazardous employment, sustained an injury. Thereafter, the department recognized the claim and allowed certain compensation, being fifteen degrees permanent partial disability, together with time loss to June 25, 1930, on which date the claim was closed, and the closing was not appealed from. Subsequently and on October 16, 1934, Botica petitioned the department to reopen his claim on the ground of aggravation. This, the department declined to do, and an appeal was taken to the joint board. October 22, 1934, the joint board ordered that the

". . . application be denied, for the reason that the statute of limitations has operated against the right to reopen on aggravation."

From this order, Botica appealed to the superior court. After a hearing, that court made findings of fact and conclusions of law, and in the latter concluded (a) that the order of the joint board, so far as it denied Botica's claim for a rehearing because the application had not been made within time, should be affirmed; and (b) that the director of the department, upon his own motion, had authority to readjust the rate of compensation, notwithstanding the running of the three-year statute of limitations. The judgment was entered as above indicated, and it is from this direction to the director of the department to exercise his discretion that the appeal was taken.

The only question here involved, as stated in the respondent's brief, is "whether or not the trial court properly interpreted subdivision h of section 7679, Rem. Rev. Stat." The subdivision of the section of the statute mentioned provides that

"If aggravation, diminution or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the director of labor and industries, through and by means of the division of industrial insurance, may, upon the application of the beneficiary, made within three years after the establishment or termination of such compensation, or upon his own motion, readjust for further application"

the rate of compensation in accordance with the rules provided, and, in a proper case, may terminate the payment.

It will be observed that the statute referred to, a portion of which is quoted, provides two ways in which a claim may be reopened on the ground of aggravation, one upon the application of the beneficiary (in this case the injured workman), and the other "upon his own motion." There is also in the statute the specification of three years' limitation within which the application may be made. Whether this three-year limitation applies to the director if he proceeds upon his own motion, we do not here determine. In this case, the injured workman made the application. The department and the joint board refused to allow it, reciting that the statute of limitations had run against the right to reopen on the ground of aggravation. The application not having been made within three years after the claim was closed, the statute bars the right of the injured workman to make an application.

The court in this case, however, entered a judgment ordering the director of the department to exercise his discretion whether, upon his own motion, he would readjust the compensation. This statute lodges in the director, by the use of the expression "upon his own motion," a certain discretion. If he exercises that discretion, not of his own volition, but by reason of a compulsory judgment entered by the superior court, it is

clear that he is not proceeding upon his own motion. The statute giving the director the right to act upon his own motion, the court was in error in entering a judgment directing that he act in response to the mandate of the court.

The judgment appealed from will be reversed, and the cause remanded with direction to the superior court to enter a judgment affirming the order of the joint board.

HOLCOMB, STEINERT, BLAKE, and BEALS, JJ., concur.