[No. 27808.   Department One.   November 2, 1939.]

PHIL K. EATON, *Appellant,* v. THURSTON COUNTY, *Respondent.*[1]

*Harry Ellsworth Foster,* for appellant.

*Smith Troy* and *John J. Lynch* (*O. B. Thorgrimson,* of counsel), for respondent.

MAIN, J.—This action was brought to enjoin the defendant, Thurston county, from issuing what is called "courthouse" refunding bonds. To the complaint, a demurrer was interposed and sustained. The plaintiff refused to plead further, and a judgment was entered dismissing the action, from which he appeals.

June 1, 1929, the respondent issued and sold its

[1]Reported in 95 P. (2d) 1024.

general obligation bonds, maturing serially from June 1, 1940, to June 1, 1959, which bonds bear interest at the rate of four and one-quarter per cent per annum, payable semi-annually, and subject to be called on any interest-paying date. August 21, 1939, the board of county commissioners of the respondent county passed a resolution in which it recited that it could refund the indebtedness at an interest rate not exceeding three and one-quarter per cent. The resolution likewise provided that no part of the funds derived from the sale of the refunding bonds should be used for any purpose other than the payment of the principal and interest on the outstanding issue.

The original bonds had required a tax levy of 1.24 mills each year in payment of the principal and interest, and the refunding bonds would require an average tax levy of 1.09 mills. The amount of the refunding bonds would be $212,000. These bonds would be dated December 1, 1939, and mature June 1, 1959.

Two questions are presented upon the appeal: First, whether the refunding bonds would increase the indebtedness of the respondent; and second, whether the refunding bonds would be entitled to the same privilege as the original bonds with reference to what is called the forty mill act.

In support of his contention that the refunding bonds would increase the indebtedness, the appellant relies upon the cases of *Doon Township v. Cummins*, 142 U. S. 366, 35 L. Ed. 1044, 12 S. Ct. 220; *State ex rel. Jones v. McGraw*, 12 Wash. 541, 41 Pac. 893; and *State ex rel. Atkinson v. Ross*, 43 Wash. 290, 86 Pac. 575. The *McGraw* case is based upon the holding in the *Doon Township* case, and the *Ross* case is based upon the holding in the *McGraw* case. In each of these cases, there is the supposition that the proceeds of

the new bonds will not be applied to the old bonds for some time after they have been sold, and that the officers having charge of the matter may apply the proceeds to other purposes than liquidating the old bonds.

In the case now before us, it reasonably appears that the proceeds of the new bonds will not be applied to any other purpose than liquidating the original bonds. The resolution of the board of county commissioners so provides. It is also evident that, when the refunding bonds are issued and sold, they will not be delivered until the cash is paid. In other words, the delivery and the payment will be coincident. This being true, there could be no period of time elapse after the bonds are delivered until the cash is paid. The refunding bonds could not well be an obligation of the county until they had been sold, delivered, and the money paid.

In a long series of cases, this court has held that, in determining whether a municipality has exceeded its limit of indebtedness, its cash assets may be deducted from the amount thereof. Only two of these cases will be cited: *State ex rel. Barton v. Hopkins,* 14 Wash. 59, 44 Pac. 134, 550; *Tabb v. Funk,* 170 Wash. 545, 17 P. (2d) 18.

The original bonds were issued, sold, and delivered prior to the passage of the first forty mill act (Laws of 1933, chapter 4, p. 47), and, consequently, were not controlled by the limitations in that act. Under the law as it existed at the time they were sold, there was no limit on the amount of tax that could be levied for the payment of their principal and interest.

We see no reason why the refunding bonds should not have the same privilege as the original bonds. The debt is the same, and the refunding bonds are,

in effect, mere renewals or extensions of the first issue. The debt, at first, was evidenced by the original bonds. Now, as already stated, the debt is evidenced by the refunding bonds. The debt is the principal thing, and the bonds are only evidence thereof. *Folks v. Marion County*, 121 Fla. 17, 163 So. 298, 102 A. L. R. 659.

The judgment will be affirmed.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.