[No. 28211.   Department Two.   May 5, 1941.]

GEORGE SMITH, *Respondent,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *T. H. Little, Assistant,* for
appellant.

*Koenigsberg & Sanford,* for respondent.

[1]Reported in 113 P. (2d) 57.

MILLARD, J.—Plaintiff, while engaged in extrahazardous employment, sustained an injury to his left eye January 6, 1934. As the result of this injury, he was awarded permanent partial disability for the loss of his left eye, and his claim was closed May 19, 1934. On or about August 1, 1938, plaintiff lost the sight of his right eye as a result of the injury sustained by him in January, 1934. February 3, 1939, which was more than three years after his claim was closed, plaintiff applied to the department for a reopening of his claim on the ground of aggravation under Rem. Rev. Stat., § 7679 [P. C. § 3472] (h). The application was denied for the reason that the claim was barred by the three-year statute of limitations.

Plaintiff requested the director of labor and industries to use his discretion in the matter and proceed to reopen the claim. The director informed the claimant that, under an opinion, December 18, 1939, of the attorney general, the director could not, three years after the closure of the claim, on his own motion, reopen the claim on the ground of aggravation of injuries.

From the finding of the director that he had no authority to reopen the claim upon his own motion, an appeal was taken to the joint board, which sustained the director's decision. From that order, the claimant appealed to the superior court for San Juan county.

On the foregoing facts, the trial court concluded that, under Rem. Rev. Stat., § 7679 (h), the director of labor and industries has the authority, and may upon his own motion and within his discretion, reopen a claim for further compensation, although more than three years had elapsed since the termination of the claimant's compensation and closing of the claim. The department appealed.

The total blindness of respondent as the result of

the injuries he sustained in 1934, is conceded. The sole question is whether, under Rem. Rev. Stat., § 7679 (h), the director of labor and industries has the authority, upon his own motion, to reopen a case for aggravation of a claimant's injuries after more than three years have elapsed from the closing of the claimant's case.

Prior to 1927, the statute (Laws of 1919, chapter 131, p. 363, § 4, subd. (h)) read as follows:

"If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the department may, upon the application of the beneficiary or upon its own motion, readjust for further application the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment."

The statute, it will be noted, provides two methods of reopening claims based upon aggravation of disability. The first method is upon application of the beneficiary, and, second, upon the department's own motion. It is clear that, under this statute, the department had the discretion to reopen the claim for aggravation, diminution, or termination of disability without limitation as to time.

The foregoing section of the workmen's compensation act was amended by Laws of 1927, chapter 310, p. 844, § 4, subd. (h), to read as follows:

"If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the director of labor and industries, through and by means of the division of industrial insurance, may, *upon the application of the beneficiary, made within three years after the establishment or termination of such compensation,* or upon his own motion, readjust for further application the

rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment: *Provided,* Any such applicant whose compensation has heretofore been established or terminated shall have three years from the taking effect of this act within which to apply for such readjustment." (Italics ours.)

The 1927 amendment preserved the two methods for reopening a claim, and the authority in this statute was lodged in the director of labor and industries. It will be observed that, in the 1919 statute quoted above, the authority was vested in the department. In the 1927 amendment, the methods for reopening the claim are (1) "upon the application of the beneficiary, made within three years after the establishment or termination of such compensation," and (2) "upon his own motion, . . ."

The limitation of time in the statute has reference solely to the application of the beneficiary. There is no language which purports to limit the director in acting upon his own motion. The phrase "made within three years" is a limiting clause and relates only to the application of the beneficiary. The discretionary portion of the statute which gives to the director authority to act upon his own motion is the same as in the 1919 statute, without any limitation as to the time when the director acts upon his own motion.

In *Botica v. Department of Labor & Industries,* 184 Wash. 573, 52 P. (2d) 332, the claimant appealed from the refusal of the department to reopen, after the lapse of three years from termination of compensation, a claim on the ground of aggravation. We observed that the statute (Rem. Rev. Stat., § 7679 (h)) provided two ways in which a claim may be reopened on the ground of aggravation: One upon the application of the beneficiary, and the other upon the motion of the director of the department. We stated there was in

the statute a specification of three years' limitation within which application may be made; but that whether the three-year limitation applies to the director, if he proceeds upon his own motion, we refused to determine, as that question was not present in the case.

The limitation in the statute of three years limits only the application of the beneficiary. When a claimant makes application to reopen his claim, he must apply within three years after the closure of the claim. The limitation of three years relates solely to the application of the beneficiary and does not place any limitation upon the language thereafter. The statute provides that

" . . . the director of labor and industries . . . may, upon the application of the beneficiary, made within three years after the establishment or termination of such compensation, . . . readjust for further application the rate of compensation . . ."

The language "made within three years" should be construed with reference to the immediately preceding parts of the clause to which it is attached; that is, in the first method for reopening the claim "upon the application of the beneficiary . . ." the limitation deals with that method for reopening the claim and that method alone. The second method is separated by the word "or", disclosing the intention of the legislature to not limit the method for reopening the claim to only the application of the beneficiary but that two methods were provided, and that, upon the second method, no limitation of time was placed. The first clause quoted deals with the claimant. The other "upon his own motion" deals with the director.

It is a well-established rule of grammar, which has been recognized and adopted by all the courts, that

a qualifying and limiting phrase relates only to the last antecedent; and in the statute before us, the limiting phrase "made within three years" refers only to the last antecedent "application of the beneficiary."

"Relative and qualifying words and phrases, grammatically and legally, where no contrary intention appears, refer solely to the last antecedent." 2 Lewis' Sutherland Statutory Construction (2d ed.), 811, § 420.

See, also, *State v. Bailey*, 67 Wash. 336, 121 Pac. 821; *Tabb v. Funk*, 170 Wash. 545, 17 P. (2d) 18.

"Quite recently we have reiterated two well established rules of statutory construction: (1) Effect must be given to each and every part of a statute, and (2) the court may not read into a statute anything which it may conceive that the legislature has unintentionally left out." *In re Phillips' Estate*, 193 Wash. 194, 74 P. (2d) 1015.

The Washington legislature conferred continuing jurisdiction upon the director of labor and industries so that he may at any time upon his own motion grant additional compensation to an injured workman, if he finds that there has been, in fact, an aggravation of the injury.

It is clear, if we apply the ordinary rules of grammar and rules for statutory construction, that the statute does not limit in time the discretion of the director to reopen a claim upon his own motion; the limitation as to time applies only to the application of the beneficiary.

■ It is true that the interpretation of a statute by executive and administrative officers will be given weight when the statute is ambiguous. The interpretation of a statute by executive or administrative officers, in contravention of the statute's plain terms, will not be followed by the court. *Pryor v. Safeway Stores, Inc.*, 196 Wash. 382, 83 P. (2d) 241, 85 P. (2d) 1045. The language of the statute is clear; hence, it is

conclusive and there can be no construction where there is nothing to construe.

It would be indeed a technical interpretation and strained construction, a reading into the statute of language other than that employed by the legislature, to express for the legislature an intent it clearly did not entertain when it enacted Laws of 1927, chapter 310, § 4 (h), amendatory of Laws of 1919, chapter 131, § 4 (h).

■ "Where the language of a statute is transparent, and its meaning clear, there is no room for the office of construction. There should be no construction where there is nothing to construe." *Lewis v. United States,* 92 U. S. 618, 621, 23 L. Ed. 513.

The attorneys representing the state on this appeal frankly admit that they are not convinced that the position taken in an opinion, upon which the director relied, December 18, 1939, by the then attorney general, is correct.

The judgment is affirmed.

ROBINSON, C. J., BEALS, SIMPSON, and JEFFERS, JJ.,